IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIMATHEA LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>WM. WRIGLEY JR. COMPANY, BIG SKY BRANDS INC., CARIBOU COFFEE COMPANY, INC., GODIVA CHOCOLATIER, INC., JONES SODA CO., NORTH ATLANTIC OPERATING COMPANY, INC., STARBUCKS CORPORATION and THE HERSHEY COMPANY,<br><br>               Defendants. | Civil Action No.<br><br>**JURY TRIAL DEMANDED**<br><br>FILED: JULY 2, 2008<br>08CV3796<br>JUDGE GOTTSCHALL<br>MAGISTRATE JUDGE DENLOW<br>YM |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Arimathea LLC ("Arimathea"), complains of Defendants, Wm. Wrigley Jr. Company, Big Sky Brands Inc., Caribou Coffee Company, Inc., Godiva Chocolatier, Inc., Jones Soda Co., North Atlantic Operating Company, Inc., Starbucks Corporation and The Hershey Company, as follows:

1.    This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

2.    Arimathea LLC is an Illinois limited liability company located at 1032 West Loyola Avenue, Chicago, Illinois.

3.    Arimathea owns and has standing to sue for infringement of United States Patent No. 7,124,909 B1, entitled "Hinged Lid Container," which issued on October 24, 2006 (the "'909 Patent").

4. Wm. Wrigley Jr. Company ("Wrigley") is a Delaware corporation with its principal place of business at 410 North Michigan Avenue, Chicago, Illinois. Wrigley manufactures and sells candy products packaged in hinged lid containers.

5. This Court has personal jurisdiction over Wrigley because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores and via the Internet through retailers such as Amazon.com in such a way as to reach customers in Illinois and this judicial district. Wrigley is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

6. Big Sky Brands Inc. ("Big Sky") is a Canadian company with its principal place of business at 253 College Street, Unit 395, Toronto, Ontario. Big Sky manufactures and sells candy products packaged in hinged lid containers.

7. This Court has personal jurisdiction over Big Sky because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores, via the Internet through retailers such as Amazon.com and, upon information and belief, through a distribution hub in Chicago in such a way as to reach customers in Illinois and this judicial district. Big Sky has specifically committed acts of infringement in this judicial district.

8. Caribou Coffee Company, Inc. ("Caribou Coffee") is a Minnesota corporation with its principal place of business at 3900 Lakebreeze Avenue North, Minneapolis, Minnesota. Caribou Coffee manufactures and sells candy products packaged in hinged lid containers.

9. This Court has personal jurisdiction over Caribou Coffee because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or

advertising infringing container products at its retail stores and via the Internet through its website in such a way as to reach customers in Illinois and this judicial district. Caribou Coffee is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

10. Godiva Chocolatier, Inc. ("Godiva") is a New Jersey corporation with its principal place of business at 355 Lexington Avenue, New York, New York. Godiva manufactures and sells candy products packaged in hinged lid containers.

11. This Court has personal jurisdiction over Godiva because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at its retail stores and via the Internet through its website in such a way as to reach customers in Illinois and this judicial district. Godiva is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

12. Jones Soda Co. ("Jones Soda") is a Washington corporation with its principal place of business at 234 9th Avenue, Seattle, Washington. Jones Soda Co. manufactures and sells candy products packaged in hinged lid containers.

13. This Court has personal jurisdiction over Jones Soda because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores, via the Internet through its website and, upon information and belief, through sales representatives in Chicago in such a way as to reach customers in Illinois and this judicial district. Jones Soda has specifically committed acts of infringement in this judicial district.

14. North Atlantic Operating Company, Inc. ("NAOC") is a Delaware corporation with its principal place of business at 3029 West Muhammad Ali Boulevard, Louisville, Kentucky. NAOC manufactures and sells tobacco related products in hinged lid containers.

15. This Court has personal jurisdiction over NAOC because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores and via the Internet in such a way as to reach customers in Illinois and this judicial district. NAOC has specifically committed acts of infringement in this judicial district.

16. Starbucks Corporation ("Starbucks") is a Washington corporation with its principal place of business at 2401 Utah Avenue South, Seattle, Washington. Starbucks manufactures and sells candy products packaged in hinged lid containers.

17. This Court has personal jurisdiction over Starbucks because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores, such as Target, in such a way as to reach customers in Illinois and this judicial district. Starbucks is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

18. The Hershey Company ("Hershey") is a Delaware corporation with its principal place of business at 100 Crystal A Drive, Hershey, Pennsylvania. Hershey manufactures and sells candy products packaged in hinged lid containers.

19. This Court has personal jurisdiction over Hershey because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores, such as Target, in such a way as to reach customers

in Illinois and this judicial district. Hershey is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

20. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

21. Wrigley has infringed and is now infringing at least claims 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Wrigley's® Eclipse Mints (the "Wrigley Accused Products") throughout the United States, including within this judicial district. Wrigley has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Wrigley Accused Products.

22. Big Sky has infringed and is now infringing at least claims 1-2, 5-6, 8, 11, 13-14, 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Jones Soda Co.® Carbonated Candy (the "Big Sky Accused Products") throughout the United States, including within this judicial district. Big Sky has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Big Sky Accused Products.

23. Caribou Coffee has infringed and is now infringing at least claims 1-2, 5-6, 8, 10-11, 13-14, 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Caribou Coffee® Glacier Blast Gum (the "Caribou Coffee Accused

Products") throughout the United States, including within this judicial district. Caribou Coffee has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Caribou Coffee Accused Products.

24. Godiva has infringed and is now infringing at least claims 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Godiva® Chocoiste Dark Chocolate Pearls with Mint (the "Godiva Accused Products") throughout the United States, including within this judicial district. Godiva has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Godiva Accused Products.

25. Jones Soda has infringed and is now infringing at least claims 1-2, 5-6, 8, 11, 13-14, 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Jones Soda Co.® Carbonated Candy (the "Jones Soda Accused Products") throughout the United States, including within this judicial district. Jones Soda has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Jones Soda Accused Products.

26. NAOC has infringed and is now infringing at least claims 1-2, 5-6, 8, 10-11, 13-14, 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to

the packaging for Zig-Zag® Premium Full Flavor cigarettes (the "NAOC Accused Products") throughout the United States, including within this judicial district.  NAOC has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the NAOC Accused Products.

27.     Starbucks has infringed and is now infringing at least claims 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Starbucks® Dark Chocolate Mini Beans (the "Starbucks Accused Products") throughout the United States, including within this judicial district.  Starbucks has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Starbucks Accused Products.

28.     Hershey has infringed and is now infringing at least claims 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Starbucks® Dark Chocolate Mini Beans (the "Hershey Accused Products") throughout the United States, including within this judicial district.  Hershey has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Hershey Accused Products.

29.     Each Defendant's infringement, contributory infringement and/or knowing and intentional inducement to infringe has injured Arimathea and Arimathea is entitled to recover

damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

30. Arimathea has complied with the provisions of 35 U.S.C. § 287.

31. Each Defendant's infringement, contributory infringement and/or inducement to infringe the '909 Patent has been willful, deliberate and objectively reckless.

WHEREFORE, Plaintiff Arimathea LLC respectfully asks this Court to enter judgment against Defendants, Wm. Wrigley Jr. Company, Big Sky Brands Inc., Caribou Coffee Company, Inc., Godiva Chocolatier, Inc., Jones Soda Co., North Atlantic Operating Company, Inc., Starbucks Corporation and The Hershey Company, and against each of their respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

a. The entry of judgment in favor of Arimathea and against each Defendant;

b. An award of damages adequate to compensate Arimathea for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began.

c. Increased damages as permitted under 35 U.S.C. § 284;

d. A finding that this case is exceptional and an award to Arimathea of its reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285;

e. Such other relief that Arimathea is entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

**Jury Demand**

Arimathea demands a trial by jury on all issues presented in this Complaint.

          Respectfully submitted,

          /s/ Raymond P. Niro, Jr.
          Raymond P. Niro
          Raymond P. Niro, Jr.
          Lee F. Grossman
          Laura A. Kenneally
          NIRO, SCAVONE, HALLER & NIRO
          181 West Madison, Suite 4600
          Chicago, Illinois 60602 4515
          Phone: (312) 236 0733
          Fax: (312) 236 3137
          rniro@nshn.com; rnirojr@nshn.com;
          leegrossman@nshn.com; lkenneally@nshn.com

          Attorneys for Plaintiff, Arimathea LLC