**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARIMATHEA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-03796 |
| | ) | |
| WM. WRIGLEY JR. COMPANY, BIG SKY | ) | Judge Joan B. Gottschall |
| BRANDS INC., CARIBOU COFFEE | ) | |
| COMPANY, INC., GODIVA | ) | Magistrate Judge Morton Denlow |
| CHOCOLATIER, INC., JONES SODA CO., | ) | |
| NORTH ATLANTIC OPERATING | ) | |
| COMPANY, INC., STARBUCKS | ) | |
| CORPORATION and THE HERSHEY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT GODIVA CHOCOLATIER, INC.'S ANSWER,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant Godiva Chocolatier, Inc. ("Godiva"), by and through its Counsel,

responds to the Complaint (the "Complaint") of plaintiff Arimathea LLC ("Arimathea") as

follows:

**ANSWER**

1.     This is a claim for patent infringement and arises under the patent laws of
the United Sates, Title 35 of the United States Code. This Court has
original jurisdiction over the subject matter of this claim and under 28
U.S.C. §§ 1331 and 1338(a).

**ANSWER:**

    Godiva admits that this action purports to be a civil action for patent infringement

under the patent laws of the United States, Title 35, United States Code, but Godiva denies that it

has infringed any valid or enforceable patent. Godiva admits that this Court has subject matter

jurisdiction of this claim under 28 U.S.C. §§ 1331 and 1338(a).

2.       Arimathea LLC is an Illinois limited liability company located at 1032 West Loyola Avenue, Chicago, Illinois.

**ANSWER:**

Godiva is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies each and every such allegation.

3.       Arimathea owns and has standing to sue for infringement of United States Patent No. 7,124,909 B1, entitled "Hinged Lid Container," which issued on October 24, 2006 (the "'909 Patent").

**ANSWER:**

Godiva admits that U.S. Patent No. 7,124,909 (the "'909 patent") is entitled "Hinged Lid Container," and issued on October 24, 2006.  To the extent not expressly admitted, Godiva is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint and therefore denies each and every such allegation.

4.       Wm. Wrigley Jr. Company ("Wrigley") is a Delaware corporation with its principal place of business at 410 North Michigan Avenue, Chicago, Illinois.  Wrigley manufactures and sells candy products packaged in hinged lid containers.

**ANSWER:**

Godiva is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies each and every such allegation.

5.       This Court has personal jurisdiction over Wrigley because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores and via the Internet through retailers such as Amazon.com in such a way as to reach customers in Illinois and this judicial district.  Wrigley is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

**ANSWER:**

Godiva is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore denies each and every such allegation.

6.    Big Sky Brands Inc. ("Big Sky") is a Canadian company with its principal place of business at 253 College Street, Unit 395, Toronto, Ontario. Big Sky manufactures and sells candy products packaged in hinged lid containers.

**ANSWER:**

Godiva is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and therefore denies each and every such allegation.

7.    This Court has personal jurisdiction over Big Sky because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores, via the Internet through retailers such as Amazon.com and, upon information and belief, through a distribution hub in Chicago in such a way as to reach customers in Illinois and this judicial district. Big Sky has specifically committed acts of infringement in this judicial district.

**ANSWER:**

Godiva is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and therefore denies each and every such allegation.

8.    Caribou Coffee Company, Inc. ("Caribou Coffee") is a Minnesota corporation with its principal place of business at 3900 Lakebreeze Avenue North, Minneapolis, Minnesota. Caribou Coffee manufactures and sells candy products packaged in hinged lid containers.

**ANSWER:**

Godiva is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies each and every such allegation.

9.  This Court has personal jurisdiction over Caribou Coffee because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at its retail stores and via the Internet through its website in such a way as to reach customers in Illinois and this judicial district. Caribou Coffee is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

**ANSWER:**

Godiva is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore denies each and every such allegation.

10. Godiva Chocolatier, Inc. ("Godiva") is a New Jersey corporation with its principal place of business at 355 Lexington Avenue, New York, New York. Godiva manufactures and sells candy products packaged in hinged lid containers.

**ANSWER:**

Godiva admits that it is a New Jersey corporation with its principal place of business at 355 Lexington Avenue, New York, NY. Godiva admits that it manufactures and sells confectionery products in containers that have hinged lids ("accused products"). To the extent not expressly admitted, Godiva denies the allegations of paragraph 10.

11. This Court has personal jurisdiction over Godiva because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at its retail stores and via the Internet through its website in such a way as to reach customers in Illinois or this judicial district. Godiva is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

**ANSWER:**

Godiva admits that this Court has personal jurisdiction over Godiva because it transacts business in this judicial district, at least by offering to sell, selling, or advertising its accused products in Illinois and in this judicial district, and is registered to do business in Illinois. To the extent not expressly admitted, Godiva denies the allegations of paragraph 11.

12.     Jones Soda Co. ("Jones Soda") is a Washington corporation with its principal place of business at 234 9th Avenue, Seattle, Washington. Jones Soda Co. manufactures and sells candy products packaged in hinged lid containers.

**ANSWER:**

Godiva is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore denies each and every such allegation.

13.     This Court has personal jurisdiction over Jones Soda because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores, via the Internet through its website and, upon information and belief, through sales representatives in Chicago in such a way as to reach customers in Illinois and this judicial district. Jones Soda has specifically committed acts of infringement in this judicial district.

**ANSWER:**

Godiva is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and therefore denies each and every such allegation.

14.     North Atlantic Operating Company, Inc. ("NAOC") is a Delaware corporation with its principal place of business at 3029 West Muhammad Ali Boulevard, Louisville, Kentucky. NAOC manufactures and sells tobacco related products in hinged lid containers.

**ANSWER:**

   Godiva is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore denies each and every such allegation.

  15. This Court has personal jurisdiction over NAOC because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores and via the Internet in such a way as to reach customers in Illinois and this judicial district. NAOC has specifically committed acts of infringement in this judicial district.

**ANSWER:**

   Godiva is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore denies each and every such allegation.

  16. Starbucks Corporation ("Starbucks") is a Washington corporation with its principal place of business at 2401 Utah Avenue South, Seattle, Washington. Starbucks manufactures and sells candy products packaged in hinged lid containers.

**ANSWER:**

   Godiva is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies each and every such allegation.

  17. This Court has personal jurisdiction over Starbucks because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores, such at Target, in such a way as to reach customers in Illinois and this judicial district. Starbucks is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

**ANSWER:**

    Godiva is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 17 of the Complaint and therefore denies each and every

such allegation.

   18.  The Hershey Company ("Hershey") is a Delaware corporation with its
       principal place of business at 100 Crystal A Drive, Hershey, Pennsylvania.
       Hershey manufactures and sells candy products packaged in hinged lid
       containers.

**ANSWER:**

    Godiva is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 18 of the Complaint and therefore denies each and every

such allegation.

   19.  This Court has personal jurisdiction over Hershey because, among other
       things, it transacts business in this judicial district, at least by offering to
       sell, selling and/or advertising infringing container products at retail
       stores, such as Target, in such a way as to reach customers in Illinois and
       this judicial district.  Hershey is registered to do business in Illinois and
       has specifically committed acts of infringement in this judicial district.

**ANSWER:**

    Godiva is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 19 of the Complaint and therefore denies each and every

such allegation.

   20.  Venue is proper in this district under 28 U.S. C. §§ 1391(b)-(d) and
       1400(b).

**ANSWER:**

    Godiva admits that venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d)

and 1400(b).

   21.  Wrigley has infringed and is now infringing at least claims 16 and 17 of
       the '909 Patent through, among other activities, the manufacture, use, sale,

importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Wrigley's® Eclipse Mints (the "Wrigley Accused Products") throughout the United States, including within this judicial district. Wrigley has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Wrigley Accused Products.

**ANSWER:**

Godiva denies that the '909 patent is valid and enforceable, and thus capable of being infringed. Godiva is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint and therefore denies each and every such allegation.

22.    Big Sky has infringed and is now infringing at least claims 1-2, 5-6, 8, 11, 13-14, 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Jones Soda Co.® Carbonated Candy (the "Big Sky Accused Products") throughout the United States, including within this judicial district. Big Sky has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Big Sky Accused Products.

**ANSWER:**

Godiva denies that the '909 patent is valid and enforceable, and thus capable of being infringed. Godiva is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint and therefore denies each and every such allegation.

23.    Caribou Coffee has infringed and is now infringing at least claims 1-2, 5-6, 8, 10-11, 13-14, 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Caribou Coffee® Glacier Blast Gum (the "Caribou Coffee Accused Products") throughout the United States, including within this judicial district. Caribou Coffee has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the

infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Caribou Coffee Accused Products.

**ANSWER:**

Godiva denies that the '909 patent is valid and enforceable, and thus capable of being infringed. Godiva is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint and therefore denies each and every such allegation.

24. Godiva has infringed and is now infringing at least claims 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Godiva® Chocoiste Dark Chocolate Pearls with Mint (the "Godiva Accused Products") throughout the United States, including within this judicial district. Godiva has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Godiva Accused Products.

**ANSWER:**

Godiva denies the allegations of paragraph 24 of the Complaint.

25. Jones Soda has infringed and is now infringing at least claims 1-2, 5-6, 8, 11, 13-14, 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Jones Soda Co.® Carbonated Candy (the "Jones Soda Accused Products") throughout the United States, including within this judicial district. Jones Soda has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Jones Soda Accused Products.

**ANSWER:**

Godiva denies that the '909 patent is valid and enforceable, and thus capable of being infringed. Godiva is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in paragraph 25 of the Complaint and therefore denies each

and every such allegation.

26.    NAOC has infringed and is now infringing at least claims 1-2, 5-6, 8, 10-11, 13-14, 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, and importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Zig-Zag® Premium Full Flavor cigarettes (the "NAOC Accused Products") throughout the United States, including within this judicial district. NAOC has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the NAOC Accused Products.

**ANSWER:**

Godiva denies that the '909 patent is valid and enforceable, and thus capable of

being infringed. Godiva is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in paragraph 26 of the Complaint and therefore denies each

and every such allegation.

27.    Starbucks has infringed and is now infringing at least claims 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Starbucks® Dark Chocolate Mini Beans (the "Starbucks Accused Products") throughout the United States, including within this judicial district. Starbucks has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Starbucks Accused Products.

**ANSWER:**

Godiva denies that the '909 patent is valid and enforceable, and thus capable of

being infringed. Godiva is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in paragraph 27 of the Complaint and therefore denies each

and every such allegation.

28.    Hershey has infringed and is now infringing at least claims 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale,

importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Starbucks® Dark Chocolate Mini Beans (the "Hershey Accused Products") throughout the United States, including within this judicial district. Hershey has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of other through the manufacture, use, sale, importation and/or offer for sale of the Hershey Accused Products.

**ANSWER:**

Godiva denies that the '909 patent is valid and enforceable, and thus capable of being infringed. Godiva is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint and therefore denies each and every such allegation.

29.     Each Defendant's infringement, contributory infringement and/or knowing and intentional inducement to infringe has injured Arimathea and Arimathea is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**

Godiva denies that it has infringed, contributed to or knowingly and intentionally induced the infringement of the '909 patent, and therefore denies that Arimathea is entitled to recover damages adequate to compensate for the purported infringement. Godiva further denies that the '909 patent is valid and enforceable, and thus capable of being infringed. To the extent not expressly admitted, Godiva is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Complaint and therefore denies each and every such allegation.

30.     Arimathea has complied with the provisions of 35 U.S.C. § 287.

**ANSWER:**

Godiva denies the allegations in paragraph 30 of the Complaint.

31.    Each Defendant's infringement, contributory infringement and/or inducement to infringe the '909 Patent has been willful, deliberate and objectively reckless.

**ANSWER:**

Godiva denies that it has willfully, deliberately, or objectively infringed the '909 patent, and denies that the '909 patent is valid and enforceable, and thus capable of being infringed.  Godiva further denies that Arimathea is entitled to judgment in its favor, or any relief whatsoever.  To the extent not expressly admitted, Godiva is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and therefore denies each and every such allegation.

## AFFIRMATIVE DEFENSES

In addition to the defenses described below, Godiva expressly reserves the right to allege additional defenses as they may become known through the course of discovery.

### First Affirmative Defense – Invalidity

32.    The '909 patent is invalid, unenforceable, and void because it does not comply with the requirements of 35 U.S.C. § 101 et seq., including, without limitation §§ 101, 102, 103, or 112.

33.    The claims of the '909 patent are invalid under 35 U.S.C. § 102, for example, because the claimed invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, and/or because the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.

34.    The claims of the '909 patent are invalid under 35 U.S.C. § 103(a), for example, because, the differences between the claimed invention and the prior art are such that

the claimed invention as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art.

35.     The claims of the '909 patent are invalid under 35 U.S.C. § 112, for example, because the claims of the patent fail to point out and distinctly claim the subject matter which the patentee regarded as his invention.

## Second Affirmative Defense – Noninfringement

36.     Godiva has not directly infringed, indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of the '909 patent, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

## Third Affirmative Defense – Limitation on Damages

37.     Arimathea's claim for damages for any period prior to the filing of the Complaint in this action is barred because Arimathea failed to provide actual notice of the alleged infringement, and on information and belief, Arimathea and its predecessors in interest failed to comply with the requirements of 35 U.S.C. § 287.

## Fourth Affirmative Defense - No Injunctive Relief

38.     Arimathea is not entitled to injunctive relief because any alleged injury to it is not immediate or irreparable, and Arimathea has adequate remedy at law.

## COUNTERCLAIM

For its counterclaim, Counterclaim Plaintiff Godiva alleges against Counterclaim Defendant Arimathea LLC as follows:

## THE PARTIES

39.     Godiva is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 355 Lexington Avenue, New York, NY.

40.     On information and belief, Arimathea is an Illinois limited liability company located at 1032 West Loyola Avenue, Chicago, Illinois.

## JURISDICTION AND VENUE

41.     The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), 1367, 2201, and 2202.

42.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 and because this is where the original Complaint was filed by Arimathea.

43.     The counterclaims by Godiva against Arimathea include claims for declaratory relief and judgment concerning the '09 patent and attorneys' fees under 35 U.S.C. § 285.  With respect to these claims, as a result of Arimathea's Complaint, an actual and justifiable controversy exists between Godiva and Arimathea concerning the scope of protection, invalidity, unenforceability, and noninfringement of '909 patent.

44.     Godiva does not infringe, induce infringement, or contribute to infringement of the '909 patent and has never done so.

45.     The '909 patent is invalid, unenforceable, and void because it fails to comply with the requirements of 35 U.S.C. § 101 et seq., including, without limitation §§ 102, 103, or 112.

## CLAIMS FOR RELIEF

### COUNT I
### Declaratory Judgment of Noninfringement

46.     Godiva repeats and realleges the allegations of paragraphs 1-45 above, as though fully set forth herein.

47.    Godiva has not directly infringed, indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of the '909 patent, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

<u>**COUNT II**</u>
**Declaratory Judgment of Invalidity**

48.    Godiva repeats and realleges the allegations of paragraphs 1-47 above, as though fully set forth herein.

49.    The '909 patent is invalid for failing to meet the conditions for patentability set out at 35 U.S.C. § 101 et seq., including but not limited to, 35 U.S.C. §§ 102, 103, or 112.

50.    This is an exceptional case pursuant to 35 U.S.C. § 285.

WHEREFORE, Godiva prays for judgment as follows:

A.    That Arimathea's Complaint be dismissed with prejudice, that judgment be entered in favor of Godiva and against Arimathea on Arimathea's Complaint, and that Arimathea takes nothing by reason of its claims or otherwise;

B.    That this Court enter judgment declaring that the '909 patent is invalid and not infringed by Godiva;

C.    That this case be declared an exceptional case and Arimathea be required to pay Godiva's attorneys' fees pursuant to 35 U.S.C. § 285 and Godiva's costs of suit; and

D.    That Godiva be awarded such other and further relief as the court may deem just and proper.

**JURY DEMAND**

Godiva demands a trial by jury on all issues presented in its Answer and Counterclaims that are so triable.

Dated:  August 22, 2008                    Respectfully submitted,


                                           /s/ Lesley G. Smith (lgsmith@sw.com)
                                           One of the Attorneys for Defendant
                                           Godiva Chocolatier, Inc.

                                           Peter V. Baugher
                                           Todd H. Flaming
                                           Lesley G. Smith
                                           SCHOPF & WEISS LLP
                                           One South Wacker Drive
                                           28th Floor
                                           Chicago, Illinois 60606
                                           (312) 701-9300

                                           Of Counsel:
                                           Nicholas Groombridge
                                           Giriraj Pathmanaban
                                           Weil, Gotshal & Manges LLP
                                           767 Fifth Avenue
                                           New York, NY 10153
                                           (212) 310-8000

                                           *Attorneys for Godiva Chocolatier, Inc.*

## CERTIFICATE OF SERVICE

I, Lesley G. Smith, an attorney, hereby certify that a true and correct copy of the foregoing **Defendant Godiva Chocolatier, Inc.'s Answer, Affirmative Defenses, and Counterclaims** was filed electronically with the Clerk of the Court using the CM/ECF System, which will automatically provide electronic notice upon all counsel of record on this 22nd day of August, 2008.

/s/Lesley G. Smith