IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIMATHEA LLC,<br><br>                              Plaintiff,<br><br>          v.<br><br>WM. WRIGLEY JR. COMPANY, BIG SKY BRANDS INC., CARIBOU COFFEE COMPANY, INC., GODIVA CHOCOLATIER, INC., JONES SODA CO., NORTH ATLANTIC OPERATING COMPANY, INC., STARBUCKS CORPORATION and THE HERSHEY COMPANY,<br><br>                              Defendants. | 08-CV-3796<br>JUDGE GOTTSCHALL<br>MAGISTRATE JUDGE DENLOW YM<br><br>JURY TRIAL DEMANDED |

## ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL BY DEFENDANTS BIG SKY BRANDS, INC. AND JONES SODA COMPANY

Defendants Big Sky Brands, Inc. ("Big Sky") and Jones Soda Company ("Jones") respond to Plaintiff, Arimathea LLC ("Arimathea" or "Plaintiff"), as follows:

### Complaint No. 1

This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

### Answer No. 1

Big Sky and Jones admit that Arimathea purports to bring an action under the United States Patent Act and that this Court has subject matter jurisdiction.

### Complaint No. 2

Arimathea LLC is an Illinois limited liability company located at 1032 West Loyola Avenue, Chicago, Illinois.

### Answer No. 2

Big Sky and Jones are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and, therefore, deny them.

### Complaint No. 3

Arimathea owns and has standing to sue for infringement of United States Patent No. 7,124,909 B1, entitled "Hinged Lid Container," which issued on October 24, 2006 (the "'909 Patent").

### Answer No. 3

Big Sky and Jones admit that U.S. Patent No. 7,124,909 was issued on October 24, 2006, and is entitled "Hinged Lid Container." Big Sky and Jones are without knowledge or information sufficient to form a belief as to the accuracy of the remainder of the allegations in Paragraph 3 and, therefore, deny the same.

### Complaint No. 4

Wm. Wrigley Jr. Company ("Wrigley") is a Delaware corporation with its principal place of business at 410 North Michigan Avenue, Chicago, Illinois. Wrigley manufactures and sells candy products packaged in hinged lid containers.

### Answer No. 4

Big Sky and Jones are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and, therefore, deny them.

### Complaint No. 5

This Court has personal jurisdiction over Wrigley because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores and via the Internet through retailers such as Amazon.com in such a way as to reach customers in Illinois and this judicial district. Wrigley is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

**Answer No. 5**

Big Sky and Jones are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and, therefore, deny them.

**Complaint No. 6**

Big Sky Brands Inc. ("Big Sky") is a Canadian company with its principal place of business at 253 College Street, Unit 395, Toronto, Ontario. Big Sky manufactures and sells candy products packaged in hinged lid containers.

**Answer No. 6**

Big Sky and Jones admit that Big Sky Brands Inc. ("Big Sky") is a Canadian company with its principal place of business at 253 College Street, Unit 395, Toronto, Ontario, and that Big Sky sells candy products that are packaged. Big Sky and Jones deny the remaining allegations of Paragraph 6.

**Complaint No. 7**

This Court has personal jurisdiction over Big Sky because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores, via the Internet through retailers such as Amazon.com and, upon information and belief, through a distribution hub in Chicago in such a way as to reach customers in Illinois and this judicial district. Big Sky has specifically committed acts of infringement in this judicial district.

**Answer No. 7**

Big Sky and Jones admit that this Court has personal jurisdiction over Big Sky for the purposes of this action. Big Sky and Jones deny the remaining allegations of Paragraph 7.

**Complaint No. 8**

Caribou Coffee Company, Inc. ("Caribou Coffee") is a Minnesota corporation with its principal place of business at 3900 Lakebreeze Avenue North, Minneapolis, Minnesota. Caribou Coffee manufactures and sells candy products packaged in hinged lid containers.

### Answer No. 8

Big Sky and Jones are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and, therefore, deny them.

### Complaint No. 9

This Court has personal jurisdiction over Caribou Coffee because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at its retail stores and via the Internet through its website in such a way as to reach customers in Illinois and this judicial district.  Caribou Coffee is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

### Answer No. 9

Big Sky and Jones are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and, therefore, deny them.

### Complaint No. 10

Godiva Chocolatier, Inc. ("Godiva") is a New Jersey corporation with its principal place of business at 355 Lexington Avenue, New York, New York. Godiva manufactures and sells candy products packaged in hinged lid containers.

### Answer No. 10

Big Sky and Jones are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and, therefore, deny them.

### Complaint No. 11

This Court has personal jurisdiction over Godiva because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at its retail stores and via the Internet through its website in such a way as to reach customers in Illinois and this judicial district.  Godiva is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

### Answer No. 11

Big Sky and Jones are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, deny them.

## Complaint No. 12

Jones Soda Co. ("Jones Soda") is a Washington corporation with its principal place of business at 234 9th Avenue, Seattle, Washington. Jones Soda Co. manufactures and sells candy products packaged in hinged lid containers.

## Answer No. 12

Big Sky and Jones admit that Jones Soda is a Washington corporation with its principal place of business at 234 9th Avenue, Seattle, Washington and that Jones Soda sells candy products that are packaged. Big Sky and Jones deny the remaining allegations of Paragraph 12.

## Complaint No. 13

This court has personal jurisdiction over Jones Soda because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores, via the Internet through its website and, upon information and belief, through sales representatives in Chicago in such a way as to reach customers in Illinois and this judicial district. Jones Soda has specifically committed acts of infringement in this judicial district.

## Answer No. 13

Big Sky and Jones admit that this Court has personal jurisdiction over Jones for the purposes of this action. Big Sky and Jones deny the remaining allegations of Paragraph 13.

## Complaint No. 14

North Atlantic Operating Company, Inc. ("NAOC") is a Delaware corporation with its principal place of business at 3029 West Muhammad Ali Boulevard, Louisville, Kentucky. NAOC manufactures and sells tobacco related products in hinged lid containers.

## Answer No. 14

Big Sky and Jones are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and, therefore, deny them.

## Complaint No. 15

This Court has personal jurisdiction over NAOC because, among other things, it transacts business in this judicial district, at least by offering to sell,

selling and/or advertising infringing container products at retail stores and via the Internet in such a way as to reach customers in Illinois and this judicial district. NAOC has specifically committed acts of infringement in this judicial district.

## Answer No. 15

Big Sky and Jones are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and, therefore, deny them.

## Complaint No. 16

Starbucks Corporation ("Starbucks") is a Washington corporation with its principal place of business at 2401 Utah Avenue South, Seattle, Washington. Starbucks manufactures and sells candy products packaged in hinged lid containers.

## Answer No. 16

Big Sky and Jones are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and, therefore, deny them.

## Complaint No. 17

This Court has personal jurisdiction over Starbucks because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores, such as Target, in such a way as to reach customers in Illinois and this judicial district. Starbucks is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

## Answer No. 17

Big Sky and Jones are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and, therefore, deny them.

## Complaint No. 18

The Hershey Company ("Hershey") is a Delaware corporation with its principal place of business at 100 Crystal A Drive, Hershey, Pennsylvania. Hershey manufactures and sells candy products packaged in hinged lid containers.

## Answer No. 18

Big Sky and Jones are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and, therefore, deny them.

## Complaint No. 19

This Court has personal jurisdiction over Hershey because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores, such as Target, in such a way as to reach customers in Illinois and this judicial district. Hershey is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

## Answer No. 19

Big Sky and Jones are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and, therefore, deny them.

## Complaint No. 20

Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

## Answer No. 20

Admitted as to Big Sky and Jones.

## Complaint No. 21

Wrigley has infringed and is now infringing at least claims 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Wrigley's® Eclipse Mints (the "Wrigley Accused Products") throughout the United States, including within this judicial district. Wrigley has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Wrigley Accused Products.

## Answer No. 21

Big Sky and Jones are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and, therefore, deny them.

### Complaint No. 22

Big Sky has infringed and is now infringing at least claims 1-2, 5-6, 8, 11, 13-14, 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Jones Soda Co.® Carbonated Candy (the "Big Sky Accused Products") throughout the United States, including within this judicial district.  Big Sky has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the big Sky Accused Products.

### Answer No. 22

Big Sky and Jones deny the allegations of Paragraph 22.

### Complaint No. 23

Caribou Coffee has infringed and is now infringing at least claims 1-2, 5-6, 8, 10-11, 13-14, 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Caribou Coffee® Glacier Blast Gum (the "Caribou Coffee Accused Products") throughout the United States, including within this judicial district.  Caribou Coffee has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Caribou Coffee Accused Products.

### Answer No. 23

Big Sky and Jones are without knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 23 and, therefore, deny them.

### Complaint No. 24

Godiva has infringed and is now infringing at least claims 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Godiva® Chocoiste Dark Chocolate Pearls with Mint (the "Godiva Accused Products") throughout the United States, including within this judicial district.  Godiva has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Godiva Accused Products.

### Answer No. 24

Big Sky and Jones are without knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 24 and, therefore, deny them.

### Complaint No. 25

Jones Soda has infringed and is now infringing at least claims 1-2, 5-6, 8, 11, 13-14, 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Jones Soda Co.® Carbonated Candy (the "Jones Soda Accused Products") throughout the United States, including within this judicial district. Jones Soda has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Jones Soda Accused Products.

### Answer No. 25

Big Sky and Jones deny the allegations of Paragraph 25.

### Complaint No. 26

NAOC has infringed and is now infringing at least claims 1-2, 5-6, 8, 10-11, 13-14, 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Zig-Zag® Premium Full Flavor cigarettes (the "NAOC Accused Products") throughout the United States, including within this judicial district. NAOC has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the NAOC Accused Products.

### Answer No. 26

Big Sky and Jones are without knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 26 and, therefore, deny them.

### Complaint No. 27

Starbucks has infringed and is now infringing at least claims 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Starbucks® Dark Chocolate Mini Beans (the "Starbucks Accused Products") throughout the United States, including within

this judicial district.  Starbucks has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Starbucks Accused Products.

### Answer No. 27

Big Sky and Jones are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and, therefore, deny them.

### Complaint No. 28

Hershey has infringed and is now infringing at least claims 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Starbucks® Dark Chocolate Mini Beans (the "Hershey Accused Products") throughout the United States, including within this judicial district.  Hershey has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Hershey Accused Products.

### Answer No. 28

Big Sky and Jones are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and, therefore, deny them.

### Complaint No. 29

Each Defendant's infringement, contributory infringement and/or knowing and intentional inducement to infringe has injured Arimathea and Arimathea is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

### Answer No. 29

Denied with respect to Big Sky and Jones.  Big Sky and Jones are without information sufficient to form a belief as to the truth of the allegations of Paragraph 29 as to the other Defendants, and, therefore, deny the same.

### Complaint No. 30

Arimathea has complied with the provisions of 35 U.S.C. § 287.

## Answer No. 30

Denied with respect to Big Sky and Jones.  Big Sky and Jones are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 as to the other Defendants and, therefore, deny them.

## Complaint No. 31

Each Defendant's infringement, contributory infringement and/or inducement to infringe the '909 Patent has been willful, deliberate and objectively reckless.

## Answer No. 31

Denied with respect to Big Sky and Jones.  Big Sky and Jones are without information sufficient to form a belief as to the accuracy of the allegations of Paragraph 31 as to the other Defendants, and, therefore, deny the same.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim upon which relief can be granted and, therefore, this action requires dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2.     The '909 patent is invalid and/or unenforceable for failing to comply with one or more of the provisions of Title 35 United States Code, including sections 101, 102, 103, and 112.

3.     Any claim of damages is limited because, upon information and belief, Plaintiff did not satisfy 35 U.S.C. § 287.

4.     Big Sky and Jones are not liable for infringement under 35 U.S.C. § 271(b).

5.     Big Sky and Jones cannot be liable for any act infringement under 35 U.S.C. § 271(c).

6.     Big Sky and Jones do not infringe the '909 patent.

Big Sky and Jones reserve the right to assert additional affirmative defenses after having the opportunity to engage in discovery in this action.

Wherefore, Big Sky and Jones pray for judgment in their favor and against Plaintiff, providing:

(a)     That the Complaint be dismissed with prejudice;

(b)     That Big Sky and Jones be awarded their costs in relation to this action;

(c)     That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that Big Sky and Jones be awarded their reasonable attorneys' fees and expenses; and,

(d)     That this Court award Big Sky and Jones such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Big Sky and Jones hereby demand a trial by jury on all issues triable of right by a jury.

Dated:  August 22, 2008

Respectfully submitted,

By:_____s/ Alexander S. Vesselinovitch_____
One of the Attorneys for the Defendants

Alexander S. Vesselinovitch
Robert B. Breisblatt
Claire Hollis Forster
Brian Sodikoff
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661
(312) 902-5200

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on the following via the Court's ECF system.

Lee F. Grossman (lgrossman@nshn.com)
Laura Anne Kenneally (kenneally@nshn.com)
Raymond P. Niro (rniro@nshn.com)
Raymond Pardo Niro, Jr. (rnirojr@nshn.com)
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison Street
Suite 4600
Chicago, IL 60602

William H. Frankel (usebrinks.com)
David Howard Blueston (dblueston@usebrinks.com)
Robert Steven Mallin (rmallin@usebrinks.com)
BRINKS, HOFER, GILSON & LIONE
455 North Cityfront Plaza Drive
Suite 3600
Chicago, IL 60611

Avani C. Macaluso (amacaluso@rdlklaw.com)
Keith Rockey (krockey@rdlklaw.com)
Matthew L. DePreter (cdepreter@rdlklaw.com)
ROCKY, DEPKE & LYONS, LLC
233 S. Wacker Drive
Sears Tower, Suite 5450
Chicago, IL 60606

Lesley Gayle Smith (lgsmith@sw.com)
Peter Vincent Baugher (baughter@sw.com)
Todd H. Flaming (flaming@sw.com)
SCHOPF & WEISS LLP
One South Wacker Drive
28th Floor
Chicago, IL 60606

David Kenneth Callahan (dcallahan@kirkland.com)
Ann Marie T. Wahls (awahls@kirkland.com)
Emily Rose Dempsey (edempsey@kirkland.com)
KIRKLAND & ELLIS LLP (Chicago)
200 E. Randolph Drive
Suite 6100
Chicago, IL 60601

/s/ Alexander S. Vesselinovitch August 22, 2008
Alexander S. Vesselinovitch
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
(312) 902-5660
avesselinovitch@kattenlaw.com

50495853