UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIMATHEA LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>WM. WRIGLEY JR. COMPANY, BIG SKY BRANDS INC., CARIBOU COFFEE COMPANY, INC., GODIVA CHOCOLATIER, INC., JONES SODA CO., NORTH ATLANTIC OPERATING COMPANY, INC., STARBUCKS CORPORATION and THE HERSHEY COMPANY,<br><br>        Defendants. | )<br>)<br>)  Civil Action No. 08-CV-3796<br>)<br>)  Judge Joan B. Gottschall<br>)  Magistrate Judge Morton Denlow<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THE HERSHEY COMPANY'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**

For its Answer to Plaintiff Arimathea LLC's ("Arimathea") *Complaint for Patent Infringement* ("Complaint"), Defendant The Hershey Company ("Hershey"), upon knowledge as to its own acts and upon information and belief as to the acts of others, responds to each of the numbered paragraphs of the Complaint as follows:

1. Hershey admits that the action arises under the patent laws of the United States. Hershey further admits that this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. Hershey denies the remaining allegations of Paragraph 1 of the Complaint.

2. Hershey does not have sufficient information to admit or deny the allegations in Paragraph 2 of the Complaint and therefore denies them.

3. Hershey admits that on its face United States Patent No. 7,124,909 ("'909 Patent") appears to be entitled "Hinged Lid Container." Hershey further admits that on its face

the '909 Patent bears an issue date of October 24, 2006. Hershey does not have sufficient information to admit or deny the remaining allegations of Paragraph 3 of the Complaint and therefore denies them.

4. Hershey does not have sufficient information to admit or deny the allegations in Paragraph 4 of the Complaint and therefore denies them.

5. Hershey does not have sufficient information to admit or deny the allegations in Paragraph 5 of the Complaint and therefore denies them.

6. Hershey does not have sufficient information to admit or deny the allegations in Paragraph 6 of the Complaint and therefore denies them.

7. Hershey does not have sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint and therefore denies them.

8. Hershey does not have sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint and therefore denies them.

9. Hershey does not have sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint and therefore denies them.

10. Hershey does not have sufficient information to admit or deny the allegations in Paragraph 10 of the Complaint and therefore denies them.

11. Hershey does not have sufficient information to admit or deny the allegations in Paragraph 11 of the Complaint and therefore denies them.

12. Hershey does not have sufficient information to admit or deny the allegations in Paragraph 12 of the Complaint and therefore denies them.

13. Hershey does not have sufficient information to admit or deny the allegations in Paragraph 13 of the Complaint and therefore denies them.

14.     Hershey does not have sufficient information to admit or deny the allegations in Paragraph 14 of the Complaint and therefore denies them.

15.     Hershey does not have sufficient information to admit or deny the allegations in Paragraph 15 of the Complaint and therefore denies them.

16.     Hershey does not have sufficient information to admit or deny the allegations in Paragraph 16 of the Complaint and therefore denies them.

17.     Hershey does not have sufficient information to admit or deny the allegations in Paragraph 17 of the Complaint and therefore denies them.

18.     Hershey admits it is a Delaware Corporation with its principal place of business at 100 Crystal A Drive, Hershey, Pennsylvania. Hershey further admits that it manufactures and sells candy products in a variety of containers. Hershey denies that it infringes any valid claims of the '909 Patent. Hershey further denies the remaining allegations of Paragraph 18 of the Complaint.

19.     Hershey admits that it conducts business in the State of Illinois and this judicial district. Hershey further admits that it is registered to conduct business in the State of Illinois. Hershey denies the remaining allegations of Paragraph 19 of the Complaint.

20.     Hershey admits that venue is proper in this district for the purposes of this action.

21.     Hershey does not have sufficient information to admit or deny the allegations in Paragraph 21 of the Complaint and therefore denies them.

22.     Hershey does not have sufficient information to admit or deny the allegations in Paragraph 22 of the Complaint and therefore denies them.

23.     Hershey does not have sufficient information to admit or deny the allegations in Paragraph 23 of the Complaint and therefore denies them.

24. Hershey does not have sufficient information to admit or deny the allegations in Paragraph 24 of the Complaint and therefore denies them.

25. Hershey does not have sufficient information to admit or deny the allegations in Paragraph 25 of the Complaint and therefore denies them.

26. Hershey does not have sufficient information to admit or deny the allegations in Paragraph 26 of the Complaint and therefore denies them.

27. Hershey does not have sufficient information to admit or deny the allegations in Paragraph 27 of the Complaint and therefore denies them.

28. Denied.

29. Hershey denies the allegations in Paragraph 29 to the extent they are directed at Hershey. Hershey does not have sufficient information to admit or deny the allegations in Paragraph 29 to the extent they are directed to other Defendants.

30. Hershey does not have sufficient information to admit or deny the allegations in Paragraph 30 of the Complaint and therefore denies them.

31. Hershey denies the allegations in Paragraph 31 to the extent they are directed at Hershey. Hershey does not have sufficient information to admit or deny the allegations in Paragraph 31 to the extent they are directed to other Defendants.

## FIRST AFFIRMATIVE DEFENSE
## NON-INFRINGEMENT

32. Hershey has not and does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '909 Patent.

## SECOND AFFIRMATIVE DEFENSE
## INVALIDITY

33. The '909 Patent is invalid for failing to comply with one or more of the requirements of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

Hershey denies that Arimathea is entitled to any relief and respectfully requests that the Court grant Hershey the following relief:

(A) A judgment denying and dismissing with prejudice all of Arimathea's claims;

(B) A judgment that Hershey does not infringe any valid or enforceable claim of the '909 Patent under 35 U.S.C. § 271 or any other applicable section of Title 35 of the United States Code;

(C) A judgment that the '909 Patent is invalid;

(D) A judgment that this is an exceptional case under 35 U.S.C. § 285 and awarding Hershey its costs, expenses, and reasonable attorneys' fees;

(E) A permanent injunction enjoining Arimathea, its affiliates, officers, directors, agents, employees, attorneys, and all persons or entities in active concert or participation with Arimathea, from suing or threatening to sue, or making any charge against Hershey and its affiliates, officers, directors, agents, employees and attorneys, relating to the '909 Patent or any related patents; and

(F) Any other relief that this Court may deem just and proper.

## JURY TRIAL DEMAND

In accordance with Fed. R. Civ. P. 38, Hershey demands a trial by jury on all issues so triable.

## COUNTERCLAIMS

Hershey asserts the following counterclaims against Arimathea and alleges the following:

### PARTIES

1.  The Hershey Company ("Hershey") is a Delaware corporation with its principal place of business at 100 Crystal A Drive, Hershey, Pennsylvania.

2.  On information and belief, Arimathea LLC ("Arimathea") is an Illinois limited liability company located at 1032 West Loyola Avenue, Chicago, Illinois.

### JURISDICTION AND VENUE

3.  This is a counterclaim for declaratory judgment of non-infringement and invalidity of United States Patent No. 7,124,909 ("'909 Patent").

4.  This Court has subject matter jurisdiction over this counterclaim based on 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5.  This Court has personal jurisdiction over Arimathea.

6.  Venue is proper is this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

### FIRST COUNTERCLAIM
### DECLARATION OF NON-INFRINGEMENT

7.  Hershey incorporates by reference and re-alleges each and every allegation contained in Paragraphs 1 to 6 of its Counterclaims.

8.  Hershey has not and does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '909 Patent.

### SECOND COUNTERCLAIM
### DECLARATION OF INVALIDITY

9.  Hershey incorporates by reference and re-alleges each and every allegation contained in Paragraphs 1 to 8 of its Counterclaims.

10. The '909 Patent is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

Hershey respectfully requests that the Court grant Hershey the following relief:

(A) A declaration that Hershey does not infringe any valid or enforceable claim of the '909 Patent under 35 U.S.C. § 271 or any other applicable section of Title 35 of the United States Code;

(B) A declaration that the '909 Patent is invalid;

(C) A declaration that this is an exceptional case under 35 U.S.C. § 285 and awarding Hershey its costs, expenses, and reasonable attorneys' fees;

(D) A permanent injunction enjoining Arimathea, its affiliates, officers, directors, agents, employees, attorneys, and all persons or entities in active concert or participation with Arimathea, from suing or threatening to sue, or making any charge against Hershey and its affiliates, officers, directors, agents, employees and attorneys, relating to the '909 Patent or any related patents; and

(E) Any other relief that this Court may deem just and proper.

## JURY TRIAL DEMAND

In accordance with Fed. R. Civ. P. 38, Hershey demands a trial by jury on all issues so triable.

Dated:  August 22, 2008                                   Respectfully submitted,

By: /s/  *David K. Callahan*
David K. Callahan, P.C. (6206671)
Ann Marie Wahls (6275778)
Kirkland & Ellis LLP
200 E. Randolph Drive
Chicago, IL 60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)
dcallahan@kirkland.com
awahls@kirkland.com


*Attorneys for Defendant The Hershey Company*

## **CERTIFICATE OF SERVICE**

      I, David K. Callahan, an attorney, hereby certify that I caused a copy of the attached document to be served via the Court's electronic filing service (ECF), upon all counsel of record on this 22nd day of August 2008.

*/s/ David K. Callahan*