# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ARIMATHEA LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 08-CV-3796 |
| | ) |
| v. | ) Judge Joan B. Gottschall |
| | ) Magistrate Judge Morton Denlow |
| | ) |
| WM. WRIGLEY JR. COMPANY, BIG SKY BRANDS INC., CARIBOU COFFEE COMPANY, INC., GODIVA CHOCOLATIER, INC., JONES SODA CO., NORTH ATLANTIC OPERATING COMPANY, INC., STARBUCKS CORPORATION and THE HERSHEY COMPANY, | ) **JURY TRIAL DEMANDED** ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## STARBUCKS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS

For its Answer to Plaintiff Arimathea LLC's ("Arimathea") *Complaint for Patent Infringement* ("Complaint"), Defendant Starbucks Corporation ("Starbucks"), upon knowledge as to its own acts and upon information and belief as to the acts of others, responds to each of the numbered paragraphs of the Complaint as follows:

1. Starbucks admits that the action arises under the patent laws of the United States. Starbucks further admits that this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. Starbucks denies the remaining allegations of Paragraph 1 of the Complaint.

2. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 2 of the Complaint and therefore denies them.

3. Starbucks admits that on its face United States Patent No. 7,124,909 ("'909 Patent") appears to be entitled "Hinged Lid Container." Starbucks further admits that on its face

the '909 Patent bears an issue date of October 24, 2006. Starbucks does not have sufficient information to admit or deny the remaining allegations of Paragraph 3 of the Complaint and therefore denies them.

4. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 4 of the Complaint and therefore denies them.

5. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 5 of the Complaint and therefore denies them.

6. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 6 of the Complaint and therefore denies them.

7. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint and therefore denies them.

8. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint and therefore denies them.

9. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint and therefore denies them.

10. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 10 of the Complaint and therefore denies them.

11. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 11 of the Complaint and therefore denies them.

12. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 12 of the Complaint and therefore denies them.

13. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 13 of the Complaint and therefore denies them.

14. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 14 of the Complaint and therefore denies them.

15. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 15 of the Complaint and therefore denies them.

16. Starbucks admits it is a Washington Corporation with its principal place of business at 2401 Utah Avenue South, Seattle, Washington. Starbucks denies the remaining allegations of Paragraph 16 of the Complaint.

17. Starbucks admits that it conducts business in the State of Illinois and this judicial district. Starbucks further admits that it is registered to conduct business in the State of Illinois. Starbucks denies the remaining allegations of Paragraph 17 of the Complaint.

18. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 18 of the Complaint and therefore denies them.

19. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 19 of the Complaint and therefore denies them.

20. Starbucks admits that venue is proper in this district for the purposes of this action.

21. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 21 of the Complaint and therefore denies them.

22. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 22 of the Complaint and therefore denies them.

23. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 23 of the Complaint and therefore denies them.

24. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 24 of the Complaint and therefore denies them.

25. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 25 of the Complaint and therefore denies them.

26. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 26 of the Complaint and therefore denies them.

27. Denied.

28. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 28 of the Complaint and therefore denies them

29. Starbucks denies the allegations in Paragraph 29 to the extent they are directed at Starbucks. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 29 to the extent they are directed to other Defendants.

30. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 30 of the Complaint and therefore denies them.

31. Starbucks denies the allegations in Paragraph 31 to the extent they are directed at Starbucks. Starbucks does not have sufficient information to admit or deny the allegations in Paragraph 31 to the extent they are directed to other Defendants.

**FIRST AFFIRMATIVE DEFENSE**
**NON-INFRINGEMENT**

32. Starbucks has not and does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '909 Patent.

## SECOND AFFIRMATIVE DEFENSE
## INVALIDITY

33. The '909 Patent is invalid for failing to comply with one or more of the requirements of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

Starbucks denies that Arimathea is entitled to any relief and respectfully requests that the Court grant Starbucks the following relief:

(A) A judgment denying and dismissing with prejudice all of Arimathea's claims;

(B) A judgment that Starbucks does not infringe any claim of the '909 Patent under 35 U.S.C. § 271 or any other applicable section of Title 35 of the United States Code;

(C) A judgment that the '909 Patent is invalid;

(D) A judgment that this is an exceptional case under 35 U.S.C. § 285 and awarding Starbucks its costs, expenses, and reasonable attorneys' fees;

(E) A permanent injunction enjoining Arimathea, its affiliates, officers, directors, agents, employees, attorneys, and all persons or entities in active concert or participation with Arimathea, from suing or threatening to sue, or making any charge against Starbucks and its affiliates, officers, directors, agents, employees and attorneys, relating to the '909 Patent or any related patents; and

(F) Any other relief that this Court may deem just and proper.

## JURY TRIAL DEMAND

In accordance with Fed. R. Civ. P. 38, Starbucks demands a trial by jury on all issues so triable.

Dated: August 22, 2008    Respectfully submitted,

By: */s/ David K. Callahan*
David K. Callahan, P.C. (6206671)
Ann Marie Wahls (6275778)
Kirkland & Ellis LLP
200 E. Randolph Drive
Chicago, IL 60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)
dcallahan@kirkland.com
awahls@kirkland.com

*Attorneys for Defendant Starbucks Corporation*

## **CERTIFICATE OF SERVICE**

      I, David K. Callahan, an attorney, hereby certify that I caused a copy of the attached document to be served via the Court's electronic filing service (ECF), upon all counsel of record on this 22nd day of August 2008.

                                            /s/ *David K. Callahan*