IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


| | | |
|---|---|---|
| ARIMATHEA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 3796 |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| WM. WRIGLEY JR. COMPANY, | ) | Magistrate Judge Morton Denlow |
| BIG SKY BRANDS INC., | ) | |
| CARIBOU COFFEE COMPANY, | ) | |
| INC., GODIVA CHOCOLATIER, | ) | |
| INC., JONES SODA CO., NORTH | ) | |
| ATLANTIC OPERATING | ) | |
| COMPANY, INC., STARBUCKS | ) | |
| CORPORATION and THE | ) | |
| HERSHEY COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |


**DEFENDANT CARIBOU COFFEE COMPANY, INC.'S
ANSWER TO COMPLAINT AND COUNTERCLAIM**

For its Answer, Affirmative Defenses, and Counterclaim to the Complaint filed by

Plaintiff Arimathea LLC ("Arimathea"), Defendant Caribou Coffee Company, Inc. ("Caribou")

admits, denies, states, and alleges as follows:


1.      This is a claim for patent infringement and arises under the patent laws of the
United States, Title 35 of the United States Code. This Court has original jurisdiction over the
subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).


**ANSWER:** Caribou admits that the Plaintiff alleges a cause of action for patent

infringement arising under Title 35 of the United States Code, but Caribou denies that Plaintiff

has any viable claim against Caribou thereunder.  Caribou admits that this Court has jurisdiction

over the subject matter of the Complaint, but denies the legal sufficiency of Plaintiff's claims and

allegations.  Except as expressly admitted, Caribou denies the allegations of Paragraph 1.


2.      Arimathea LLC is an Illinois limited liability company located at 1032 West
Loyola Avenue, Chicago, Illinois.


**ANSWER:**  Caribou lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations set forth in paragraph 2 of the Complaint and, therefore, denies

each of the allegations, leaving Plaintiff to its proof thereon.


3.      Arimathea owns and has standing to sue for infringement of United States Patent
No. 7,124,909 B1, entitled "Hinged Lid Container," which issued on October 24, 2006 (the "'909
Patent").


**ANSWER:**  With respect to the allegations set forth in paragraph 3, Caribou admits that

United States Patent No. 7,124,909 B1 ("the '909 Patent") is entitled "Hinged Lid Container"

and that the cover page of that patent lists an issue date of October 24, 2006.  Caribou lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations set forth in paragraph 3 of the Complaint and, therefore, denies each of the remaining

allegations, leaving plaintiff to its proof thereon.


4.      Wm. Wrigley Jr. Company ("Wrigley") is a Delaware corporation with its
principal place of business at 410 North Michigan Avenue, Chicago, Illinois.  Wrigley
manufactures and sells candy products packaged in hinged lid containers.


**ANSWER:**  Caribou lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations set forth in paragraph 4 of the Complaint and, therefore, denies

each of the allegations, leaving plaintiff to its proof thereon.

5.     This Court has personal jurisdiction over Wrigley because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores and via the Internet through retailers such as Amazon.com in such a way as to reach customers in Illinois and this judicial district. Wrigley is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

**ANSWER:**  Caribou lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations set forth in paragraph 5 of the Complaint and, therefore, denies

each of the allegations, leaving plaintiff to its proof thereon.


6.     Big Sky Brands Inc. ("Big Sky") is a Canadian company with its principal place of business at 253 College Street, Unit 395, Toronto, Ontario. Big Sky manufactures and sells candy products packaged in hinged lid containers.

**ANSWER:**  Caribou lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations set forth in paragraph 6 of the Complaint and, therefore, denies

each of the allegations, leaving plaintiff to its proof thereon.


7.     This Court has personal jurisdiction over Big Sky because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores, via the Internet through retailers such as Amazon.com and, upon information and belief, through a distribution hub in Chicago in such a way as to reach customers in Illinois and this judicial district. Big Sky has specifically committed acts of infringement in this judicial district.

**ANSWER:**  Caribou lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations set forth in paragraph 7 of the Complaint and, therefore, denies

each of the allegations, leaving plaintiff to its proof thereon.

8.     Caribou Coffee Company, Inc. ("Caribou Coffee") is a Minnesota corporation with its principal place of business at 3900 Lakebreeze Avenue North, Minneapolis, Minnesota. Caribou Coffee manufactures and sells candy products packaged in hinged lid containers.

**ANSWER:**  With respect to the allegations set forth in paragraph 8, Caribou admits that

it is a Minnesota corporation with its principal place of business at 3900 Lakebreeze Avenue

North, Minneapolis, Minnesota.  Caribou admits that it sells candy products packaged in

containers with hinged lids, but denies that it infringes the '909 Patent and denies each of the

remaining allegations.  Except as expressly admitted, the allegations of paragraph 8 are denied.

9.     This Court has personal jurisdiction over Caribou Coffee because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at its retail stores and via the Internet through its website in such a way as to reach customers in Illinois and this judicial district.  Caribou Coffee is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

**ANSWER:**  With respect to the allegations set forth in paragraph 9, Caribou admits that

it is registered to do business in Illinois and transacts business in this judicial district.  Caribou

denies that it offers to sell, sells, or advertises infringing container products in Illinois or

elsewhere, and denies that it has committed acts of infringement in this judicial district.  Except

as expressly admitted, the allegations of paragraph 9 are denied.

10.     Godiva Chocolatier, Inc. ("Godiva") is a New Jersey corporation with its principal place of business at 355 Lexington Avenue, New York, New York. Godiva manufactures and sells candy products packaged in hinged lid containers.

**ANSWER:** Caribou lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of the Complaint and, therefore, denies each of the allegations, leaving plaintiff to its proof thereon.

11.    This Court has personal jurisdiction over Godiva because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at its retail stores and via the Internet through its website in such a way as to reach customers in Illinois and this judicial district. Godiva is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

**ANSWER:** Caribou lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 of the Complaint and, therefore, denies each of the allegations, leaving plaintiff to its proof thereon.

12.    Jones Soda Co. ("Jones Soda") is a Washington corporation with its principal place of business at 234 9th Avenue, Seattle, Washington. Jones Soda Co. manufactures and sells candy products packaged in hinged lid containers.

**ANSWER:** Caribou lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 of the Complaint and, therefore, denies each of the allegations, leaving plaintiff to its proof thereon.

13.    This Court has personal jurisdiction over Jones Soda because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores, via the Internet through its website and, upon information and belief, through sales representatives in Chicago in such a way as to reach customers in Illinois and this judicial district. Jones Soda has specifically committed acts of infringement in this judicial district.

**ANSWER:** Caribou lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 13 of the Complaint and, therefore, denies each of the allegations, leaving plaintiff to its proof thereon.

14.     North Atlantic Operating Company, Inc. ("NAOC") is a Delaware corporation with its principal place of business at 3029 West Muhammad Ali Boulevard, Louisville, Kentucky. NAOC manufactures and sells tobacco related products in hinged lid containers.

**ANSWER:** Caribou lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 14 of the Complaint and, therefore, denies each of the allegations, leaving plaintiff to its proof thereon.

15.     This Court has personal jurisdiction over NAOC because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores and via the Internet in such a way as to reach customers in Illinois and this judicial district. NAOC has specifically committed acts of infringement in this judicial district.

**ANSWER:** Caribou lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 15 of the Complaint and, therefore, denies each of the allegations, leaving plaintiff to its proof thereon.

16.     Starbucks Corporation ("Starbucks") is a Washington corporation with its principal place of business at 2401 Utah Avenue South, Seattle, Washington. Starbucks manufactures and sells candy products packaged in hinged lid containers.

**ANSWER:** Caribou lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 of the Complaint and, therefore, denies each of the allegations, leaving plaintiff to its proof thereon.

17.    This Court has personal jurisdiction over Starbucks because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores, such as Target, in such a way as to reach customers in Illinois and this judicial district. Starbucks is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

**ANSWER:**  Caribou lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations set forth in paragraph 17 of the Complaint and, therefore, denies

each of the allegations, leaving plaintiff to its proof thereon.

18.    The Hershey Company ("Hershey") is a Delaware corporation with its principal place of business at 100 Crystal A Drive, Hershey, Pennsylvania. Hershey manufactures and sells candy products packaged in hinged lid containers.

**ANSWER:**  Caribou lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations set forth in paragraph 18 of the Complaint and, therefore, denies

each of the allegations, leaving plaintiff to its proof thereon.

19.    This Court has personal jurisdiction over Hershey because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores, such as Target, in such a way as to reach customers in Illinois and this judicial district. Hershey is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

**ANSWER:**  Caribou lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations set forth in paragraph 19 of the Complaint and, therefore, denies

each of the allegations, leaving plaintiff to its proof thereon.

20.    Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

**ANSWER:** Caribou admits that venue is proper under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

21.    Wrigley has infringed and is now infringing at least claims 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Wrigley's® Eclipse Mints (the "Wrigley Accused Products") throughout the United States, including within this judicial district. Wrigley has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Wrigley Accused Products.

**ANSWER:** Caribou lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 of the Complaint and, therefore, denies each of the allegations, leaving plaintiff to its proof thereon.

22.    Big Sky has infringed and is now infringing at least claims 1-2, 5-6, 8, 11, 13-14, 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Jones Soda Co.® Carbonated Candy (the "Big Sky Accused Products") throughout the United States, including within this judicial district. Big Sky has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Big Sky Accused Products.

**ANSWER:** Caribou lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 22 of the Complaint and, therefore, denies each of the allegations, leaving plaintiff to its proof thereon.

23.    Caribou Coffee has infringed and is now infringing at least claims 1-2, 5-6, 8, 10-11, 13-14, 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Caribou Coffee® Glacier Blast Gum (the "Caribou Coffee Accused Products") throughout the United States, including within this judicial district. Caribou Coffee

has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Caribou Coffee Accused Products.

**ANSWER:** Caribou denies each of the allegations set forth in paragraph 23 of the

Complaint.

24.    Godiva has infringed and is now infringing at least claims 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Godiva® Chocoiste Dark Chocolate Pearls with Mint (the "Godiva Accused Products") throughout the United States, including within this judicial district. Godiva has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Godiva Accused Products.

**ANSWER:** Caribou lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations set forth in paragraph 24 of the Complaint and, therefore, denies

each of the allegations, leaving plaintiff to its proof thereon.

25.    Jones Soda has infringed and is now infringing at least claims 1-2, 5-6, 8, 11, 13-14, 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Jones Soda Co.® Carbonated Candy (the "Jones Soda Accused Products") throughout the United States, including within this judicial district. Jones Soda has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Jones Soda Accused Products.

**ANSWER:** Caribou lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations set forth in paragraph 25 of the Complaint and, therefore, denies

each of the allegations, leaving plaintiff to its proof thereon.

26.     NAOC has infringed and is now infringing at least claims 1-2, 5-6, 8, 10-11, 13-14, 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Zig-Zag® Premium Full Flavor cigarettes (the "NAOC Accused Products") throughout the United States, including within this judicial district. NAOC has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the NAOC Accused Products.

**ANSWER:**  Caribou lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations set forth in paragraph 26 of the Complaint and, therefore, denies

each of the allegations, leaving plaintiff to its proof thereon.

27.     Starbucks has infringed and is now infringing at least claims 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Starbucks® Dark Chocolate Mini Beans (the "Starbucks Accused Products") throughout the United States, including within this judicial district. Starbucks has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Starbucks Accused Products.

**ANSWER:**  Caribou lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations set forth in paragraph 27 of the Complaint and, therefore, denies

each of the allegations, leaving plaintiff to its proof thereon.

28.     Hershey has infringed and is now infringing at least claims 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Starbucks® Dark Chocolate Mini Beans (the "Hershey Accused Products") throughout the United States, including within this judicial district. Hershey has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Hershey Accused Products.

**ANSWER:** Caribou lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 28 of the Complaint and, therefore, denies each of the allegations, leaving plaintiff to its proof thereon.

29.    Each Defendant's infringement, contributory infringement and/or knowing and intentional inducement to infringe has injured Arimathea and Arimathea is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:** Caribou denies each of the allegations set forth in paragraph 29.

30.    Arimathea has complied with the provisions of 35 U.S.C. § 287.

**ANSWER:** Caribou lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 30 of the Complaint and, therefore, denies each of the allegations, leaving plaintiff to its proof thereon.

31.    Each Defendant's infringement, contributory infringement and/or inducement to infringe the '909 Patent has been willful, deliberate and objectively reckless.

**ANSWER:** Caribou denies each of the allegations set forth in paragraph 31.

Further, Caribou denies each and every allegation of the Complaint not specifically admitted herein.

11

## RELIEF SOUGHT BY PLAINTIFF

Caribou denies that Plaintiff is entitled to a judgment in its favor and denies that Plaintiff is entitled to any relief sought.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Caribou alleges as follows:

## FIRST DEFENSE

32.      The claims of the '909 patent are invalid because they do not meet one or more of the conditions for patentability set forth in 35 U.S.C. §100 *et seq*., including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SECOND DEFENSE

33.      Caribou reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity, that may now or in the future be available based on discovery or other factual investigation concerning this case.

## COUNTERCLAIM

For its counterclaim against Plaintiff, Caribou states and alleges as follows:

### The Parties

1.      Caribou Coffee Company, Inc. ("Caribou") is a Minnesota corporation with its principal place of business at 3900 Lakebreeze Avenue North, Minneapolis, Minnesota.

2.      On information and belief, Arimathea LLC ("Arimathea") is an Illinois Limited Liability Company located at 1032 West Loyola Avenue, Chicago, Illinois.

3.      Caribou's counterclaim is for declaratory judgment that the claims of United States Patent No. 7,124,909 ("the '909 patent") are invalid and have not been infringed by

Caribou.  These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 1338, 2201 and

2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

## Jurisdiction and Venue

4.      This Court has subject matter jurisdiction over this counterclaim based on 28

U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5.      This Court has personal jurisdiction over Arimathea at least for the reason that

Arimathea consented to jurisdiction by initiating this action.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

## COUNT I
### (Declaratory Judgment of Non-Infringement of the '909 Patent)

7.      Caribou incorporates paragraphs 1-33 of its Answer and paragraphs 1-6 of its

counterclaim as though fully set forth herein.

8.       Caribou denies that the claims of the '909 patent have been infringed for the

reasons alleged in the Answer and Affirmative Defenses to the Complaint, such allegations being

realleged and incorporated by reference as if fully set forth again.

9.      By virtue of the matters alleged in the foregoing paragraphs of Caribou's

counterclaim, actual controversies with respect to the infringement of the claims of the '909

patent have arisen and do now exist between Arimathea and Caribou.

10.     The '909 Patent is, and should be declared, not infringed by Caribou.

## COUNT II
### (Declaratory Judgment of Invalidity of the '909 Patent)

11.     Caribou incorporates paragraphs 1-33 of its Answer and paragraphs 1-10 of its

counterclaim as though fully set forth herein.

12.     Caribou denies that the claims of the '909 patent are valid for the reasons alleged in the Answer and Affirmative Defenses to the Complaint, such allegations being realleged and incorporated by reference as if fully set forth again.

13.     By virtue of the matters alleged in the foregoing paragraphs of Caribou's counterclaim, actual controversies with respect to the validity of the claims of the '909 patent have arisen and do now exist between Arimathea and Caribou.

14.     The '909 patent is, and should be declared, invalid, void, and of no legal effect.

**WHEREFORE**, Caribou prays for the following relief:

A.     For the Complaint to be dismissed in its entirety with prejudice and for Arimathea's claims for relief to be denied in their entirety;

B.     A declaration that none of the claims of the '909 Patent have been infringed by Caribou;

C.     A declaration that the '909 Patent is invalid, void and of no legal effect;

D.     A declaration that this is an exceptional case under 35 U.S.C. § 285 and an award to Caribou of its attorneys' fees and costs incurred in its defense of Arimathea's Complaint and in the prosecution of its Counterclaim; and

E.     Such further relief as the Court may deem just and equitable.

## JURY DEMAND

Caribou demands trial by jury of all issues in this action triable of right by a jury.

Respectfully submitted,

CARIBOU COFFEE COMPANY, INC.


Dated:  August 22, 2008                    Respectfully submitted,


/s/ Keith V. Rockey
KEITH V. ROCKEY
AVANI C. MACALUSO
MATTHEW L. DE PRETER
  Rockey, Depke & Lyons, LLC
  Sears Tower, Suite 5450
  233 South Wacker Drive
  Chicago, Illinois 60606
  Telephone:  312-277-2006

DEVAN V. PADMANABHAN
PAUL J. ROBBENNOLT
  Dorsey & Whitney LLP
  50 South Sixth Street
  Suite 1500
  Minneapolis, Minnesota 55402
  Telephone:  612-340-2600

Attorneys for Defendant
Caribou Coffee Company, Inc..

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 22, 2008, a true and

correct copy of the foregoing DEFENDANT CARIBOU COFFEE COMPANY, INC's

ANSWER TO COMPLAINT AND COUNTERCLAIM was filed electronically with the

Clerk of Court using the CM/ECF System, which will provide electronic notice to the

following attorneys for plaintiff and defendants:

| Plaintiff | Represented By: |
|---|---|
| Arimathea LLC | Raymond P. Niro<br>Raymond P. Niro, Jr.<br>Laura A. Kenneally<br>Lee F. Grossman<br>Niro, Scavone, Haller & Niro, Ltd.<br>181 West Madison St., Suite 4600<br>Chicago, IL  60602<br>312-236-0733<br>rniro@nshn.com<br>rnirojr@nshn.com<br>kenneally@nshn.com<br>lgrossman@nshn.com |
| Defendants | Represented By: |
| WM. Wrigley Jr. Company | William H. Frankel<br>David H. Bluestone<br>Robert S. Mallin<br>Brinks, Hofer, Gilson & Lione<br>455 North Cityfront Plaza Drive<br>Suite 3600<br>Chicago, IL  60611<br>312-321-4200<br>wfrankel@usebrinks.com<br>dbluestone@usebrinks.com<br>rmallin@usebrinks.com |

| Big Sky Brands and<br>Jones Soda Co. | Robert B. Breisblatt<br>Alexander S. Vesselinovitch<br>Brian J. Sodikoff<br>Claire H. Forster<br>Katten Muchin Rosenman LLP<br>525 West Monroe Street<br>Chicago, IL  60661<br>312-902-5200<br>robert.breisblatt@kattenlaw.com<br>brian.sodikoff@kattenlaw.com<br>claire.forster@kattenlaw.com |
|---|---|
| Godiva Chocolatier, Inc. | Lesley G. Smith<br>Peter V. Baugher<br>Todd H. Flaming<br>Schopf & Weiss LLP<br>One South Wacker Drive, 28th Floor<br>Chicago, IL 60606<br>312-701-9300<br>lgsmith@sw.com<br>baugher@sw.com<br>flaming@sw.com |
| Starbucks and<br>The Hershey Company | David K. Callahan<br>Ann Marie T. Wahls<br>Emily Rose Dempsey<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Suite 6100<br>Chicago, IL  60601<br>312-861-2000<br>dcallahan@kirkland.com<br>awahls@kirkland.com<br>edempsey@kirkland.com |

/s/ Keith V. Rockey

One of Defendant, Caribou Coffee Company, Inc.'s, Attorneys