# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ARIMATHEA LLC, | |
| Plaintiff, | Case No. 08 CV 3796 |
| v. | Judge Joan B. Gottschall<br>Magistrate Judge Morton Denlow |
| WM. WRIGLEY JR. COMPANY, BIG SKY BRANDS INC., CARIBOU COFFEE COMPANY, INC., GODIVA CHOCOLATIER, INC., JONES SODA CO., NORTH ATLANTIC OPERATING COMPANY, INC., STARBUCKS CORPORATION and THE HERSHEY COMPANY, | |
| Defendants. | |

## ANSWER AND COUNTERCLAIMS

Defendant, Wm. Wrigley Jr. Company ("Wrigley"), through its designated counsel,

hereby answers the Complaint of Arimathea LLC ("Arimathea"), as follows:

1.      This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

## RESPONSE NO. 1:

Admitted.

2.     Arimathea LLC is an Illinois limited liability company located at 1032 West Loyola Avenue, Chicago, Illinois.

**RESPONSE NO. 2:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of Paragraph 2 and therefore denies them.

3.     Arimathea owns and has standing to sue for infringement of United States Patent No. 7,124,909 BI, entitled "Hinged Lid Container," which issued on October 24, 2006 (the "'909 Patent").

**RESPONSE NO. 3:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of Paragraph 3 and therefore denies them.

4.     Wm. Wrigley Jr. Company ("Wrigley") is a Delaware corporation with its principal place of business at 410 North Michigan Avenue, Chicago, Illinois. Wrigley manufactures and sells candy products packaged in hinged lid containers.

**RESPONSE NO. 4:**

Wrigley admits that it is a Delaware corporation with a principal place of business at

410 North Michigan Avenue, Chicago, Illinois and that it sells mints in tin containers.

Wrigley denies the remainder of the allegations of Paragraph 4.

5.     This Court has personal jurisdiction over Wrigley because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores and via the Internet through retailers such as Amazon.com in such a way as to reach customers in Illinois and this judicial district. Wrigley is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

**RESPONSE NO. 5:**

Wrigley admits that this Court has personal jurisdiction over Wrigley, Wrigley

transacts business in this judicial district, and that it is registered to do business in Illinois.

Wrigley denies the remainder of the allegations of Paragraph 5.

6.    Big Sky Brands Inc. ("Big Sky") is a Canadian company with its principal
place of business at 253 College Street, Unit 395, Toronto, Ontario. Big Sky manufactures
and sells candy products packaged in hinged lid containers.

**RESPONSE NO. 6:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of Paragraph 6 and therefore denies them.

7.    This Court has personal jurisdiction over Big Sky because, among other
things, it transacts business in this judicial district, at least by offering to sell, selling and/or
advertising infringing container products at retail stores, via the Internet through retailers such
as Amazon.com and, upon information and belief, through a distribution hub in Chicago in
such a way as to reach customers in Illinois and this judicial district. Big Sky has specifically
committed acts of infringement in this judicial district.

**RESPONSE NO. 7:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of Paragraph 7 and therefore denies them.

8.    Caribou Coffee Company, Inc. ("Caribou Coffee") is a Minnesota corporation
with its principal place of business at 3900 Lakebreeze Avenue North, Minneapolis,
Minnesota. Caribou Coffee manufactures and sells candy products packaged in hinged lid
containers.

**RESPONSE NO. 8:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of Paragraph 8 and therefore denies them.


9.      This Court has personal jurisdiction over Caribou Coffee because, among
other things, it transacts business in this judicial district, at least by offering to sell, selling
and/or advertising infringing container products at its retail stores and via the Internet through
its website in such a way as to reach customers in Illinois and this judicial district. Caribou
Coffee is registered to do business in Illinois and has specifically committed acts of
infringement in this judicial district.

**RESPONSE NO. 9:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of Paragraph 9 and therefore denies them.


10.     Godiva Chocolatier, Inc. ("Godiva") is a New Jersey corporation with its
principal place of business at 355 Lexington Avenue, New York, New York. Godiva
manufactures and sells candy products packaged in hinged lid containers.

**RESPONSE NO. 10:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of Paragraph 10 and therefore denies them.


11.     This Court has personal jurisdiction over Godiva because, among other things,
it transacts business in this judicial district, at least by offering to sell, selling and/or
advertising infringing container products at its retail stores and via the Internet through its
website in such a way as to reach customers in Illinois and this judicial district. Godiva is
registered to do business in Illinois and has specifically committed acts of infringement in this
judicial district.

**RESPONSE NO. 11:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of Paragraph 11 and therefore denies them.


12.    Jones Soda Co. ("Jones Soda") is a Washington corporation with its principal
place of business at 234 9th Avenue, Seattle, Washington. Jones Soda Co. manufactures and
sells candy products packaged in hinged lid containers.

**RESPONSE NO. 12:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of Paragraph 12 and therefore denies them.


13.    This Court has personal jurisdiction over Jones Soda because, among other
things, it transacts business in this judicial district, at least by offering to sell, selling and/or
advertising infringing container products at retail stores, via the Internet through its website
and, upon information and belief, through sales representatives in Chicago in such a way as to
reach customers in Illinois and this judicial district. Jones Soda has specifically committed
acts of infringement in this judicial district.

**RESPONSE NO. 13:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of Paragraph 13 and therefore denies them.


14.    North Atlantic Operating Company, Inc. ("NAOC") is a Delaware corporation
with its principal place of business at 3029 West Muhammad Ali Boulevard, Louisville,
Kentucky. NAOC manufactures and sells tobacco related products in hinged lid containers.

**RESPONSE NO. 14:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of Paragraph 14 and therefore denies them.

15.    This Court has personal jurisdiction over NAOC because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores and via the Internet in such a way as to reach customers in Illinois and this judicial district. NAOC has specifically committed acts of infringement in this judicial district.

**RESPONSE NO. 15:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies them.

16.    Starbucks Corporation ("Starbucks") is a Washington corporation with its principal place of business at 2401 Utah Avenue South, Seattle, Washington. Starbucks manufactures and sells candy products packaged in hinged lid containers.

**RESPONSE NO. 16:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore denies them.

17.    This Court has personal jurisdiction over Starbucks because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores, such as Target, in such a way as to reach customers in Illinois and this judicial district. Starbucks is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

**RESPONSE NO. 17:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies them.

18.    The Hershey Company ("Hershey") is a Delaware corporation with its principal place of business at 100 Crystal A Drive, Hershey, Pennsylvania. Hershey manufactures and sells candy products packaged in hinged lid containers.

**RESPONSE NO. 18:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of Paragraph 18 and therefore denies them.

19.    This Court has personal jurisdiction over Hershey because, among other things, it transacts business in this judicial district, at least by offering to sell, selling and/or advertising infringing container products at retail stores, such as Target, in such a way as to reach customers in Illinois and this judicial district. Hershey is registered to do business in Illinois and has specifically committed acts of infringement in this judicial district.

**RESPONSE NO. 19:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of Paragraph 19 and therefore denies them.

20.    Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

**RESPONSE NO. 20:**

Admitted as to Wrigley.

21.    Wrigley has infringed and is now infringing at least claims 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Wrigley's® Eclipse Mints (the "Wrigley Accused Products") throughout the United States, including within this judicial district. Wrigley has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Wrigley Accused Products.

**RESPONSE NO. 21:**

Denied.

22.     Big Sky has infringed and is now infringing at least claims 1-2, 5-6, 8, 11, 13-14, 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Jones Soda Co.® Carbonated Candy (the "Big Sky Accused Products") throughout the United States, including within this judicial district. Big Sky has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Big Sky Accused Products.

**RESPONSE NO. 22:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of Paragraph 22 and therefore denies them.


23.     Caribou Coffee has infringed and is now infringing at least claims 1-2, 5-6, 8, 10-11, 13-14, 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Caribou Coffee® Glacier Blast Gum (the "Caribou Coffee Accused Products") throughout the United States, including within this judicial district. Caribou Coffee has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Caribou Coffee Accused Products.

**RESPONSE NO. 23:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of Paragraph 23 and therefore denies them.


24.     Godiva has infringed and is now infringing at least claims 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Godiva® Chocoiste Dark Chocolate Pearls with Mint (the "Godiva Accused Products") throughout the United States, including within this judicial district. Godiva has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Godiva Accused Products.

**RESPONSE NO. 24:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies them.

25.     Jones Soda has infringed and is now infringing at least claims 1-2, 5-6, 8, 11, 13-14, 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Jones Soda Co.® Carbonated Candy (the "Jones Soda Accused Products") throughout the United States, including within this judicial district. Jones Soda has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Jones Soda Accused Products.

**RESPONSE NO. 25:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies them.

26.     NAOC has infringed and is now infringing at least claims 1-2, 5-6, 8, 10-11, 13-14, 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Zig-Zag® Premium Full Flavor cigarettes (the "NAOC Accused Products") throughout the United States, including within this judicial district. NAOC has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the NAOC Accused Products.

**RESPONSE NO. 26:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies them.

27.     Starbucks has infringed and is now infringing at least claims 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Starbucks® Dark Chocolate Mini Beans (the "Starbucks Accused Products") throughout the United States, including within this judicial district. Starbucks has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Starbucks Accused Products.

**RESPONSE NO. 27:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of Paragraph 27 and therefore denies them.


28.     Hershey has infringed and is now infringing at least claims 16 and 17 of the '909 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing hinged lid containers, including but not limited to the packaging for Starbucks® Dark Chocolate Mini Beans (the "Hershey Accused Products") throughout the United States, including within this judicial district. Hershey has also infringed the '909 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others through the manufacture, use, sale, importation and/or offer for sale of the Hershey Accused Products.

**RESPONSE NO. 28:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of Paragraph 28 and therefore denies them.


29.     Each Defendant's infringement, contributory infringement and/or knowing and intentional inducement to infringe has injured Arimathea and Arimathea is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**RESPONSE NO. 29:**

Wrigley denies that it infringes or has infringed the '909 patent, directly,

contributorily, or through inducement.  Wrigley further denies that it has injured Arimathea

or that Arimathea is entitled to recovery damages in any form. Wrigley further lacks

knowledge and information sufficient to form a belief as to the truth of the remainder of the

allegations of Paragraph 29 and therefore denies them.

     30.     Arimathea has complied with the provisions of 35 U.S.C. § 287.

**RESPONSE NO. 30:**

Wrigley lacks knowledge and information sufficient to form a belief as to the truth of

the allegations of Paragraph 30 and therefore denies them.

     31.     Each Defendant's infringement, contributory infringement and/or inducement
to infringe the '909 Patent has been willful, deliberate and objectively reckless.

**RESPONSE NO. 31:**

Wrigley denies that it infringes or has infringed the '909 patent, directly,

contributorily, or through inducement, or that any purported infringement has been or would

be willful, deliberate, or objectively reckless. Wrigley further lacks knowledge and

information sufficient to form a belief as to the truth of the remainder of the allegations of

Paragraph 31 and therefore denies them.

**AFFIRMATIVE DEFENSES**

Further responding to Plaintiff's Complaint, Wrigley asserts the following affirmative

defenses and reserves the right to further amend its Answer as additional information

becomes available. Wrigley incorporates by reference as affirmative defenses the allegations

set forth below supporting its counterclaims.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

Wrigley has not and does not infringe the '909 patent, either directly or indirectly, literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

Plaintiff's claims for relief are barred, in whole or in part, due to invalidity of the '909 patent due to failure to comply with the conditions and requirements of patentability set forth in the United States Patent Laws as set forth without limitation, in 35 U.S.C. §§ 102, 103, and/or 112, among others, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Notice)

On information and belief, Plaintiff's claims for relief are barred, in whole or in part, by their failure to comply with the marking and notice requirements of 35 U.S.C. § 287 where Plaintiff failed to provide Wrigley with actual or constructive notice of infringement of any claim of the '909 patent before Plaintiff filed its complaint.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

On information and belief, Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff lacks standing to bring suit.

## FIFTH AFFIRMATIVE DEFENSE
(Lack of Entitlement to Injunctive Relief)

Plaintiff is not entitled to injunctive relief because any purported injury to Plaintiff is not irreparable, Plaintiff has an adequate remedy at law, and injunctive relief would be contrary to public interest.

## COUNTERCLAIMS

For its Counterclaims against Plaintiff, Wrigley states as follows:

1.      This Court has jurisdiction over these Counterclaims pursuant to Fed. R. Civ. P. 13.  Jurisdiction in this Court is also proper pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

2.      Venue is proper for these Counterclaims because Plaintiff elected this forum for suit and pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

3.      Plaintiff's accusations of infringement and pending lawsuit in which Plaintiff asserted the '909 patent against Wrigley have created an actual case or controversy concerning the infringement, validity and enforceability of the '909 patent.

4.      An actual controversy of a justiciable nature exists between Plaintiff and Wrigley involving Wrigley's present and future right to make, use, offer to sell, and sell products that Plaintiff claims infringe the '909 patent.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '909 PATENT

5.      Wrigley repeats and realleges the allegations of Paragraphs 1-4.

6.      Wrigley has not infringed and is not infringing, either directly, contributorily, or by active inducement, any claim of the '909 patent.

## COUNT II

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '909 PATENT

7.     Wrigley repeats and realleges the allegations of Paragraphs 1-4.

8.     The '909 patent is invalid for failure to meet at least one of the statutory requirements of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Defendant, Wrigley, prays for judgment against Plaintiff as follows:

a.     The entry of judgment in favor of Wrigley and against Plaintiff, on all counts of Plaintiff's complaint.

b.     Declaring that Plaintiff's claims be dismissed with prejudice;

c.     Declaring that Plaintiff lacks standing to bring suit;

d.     Declaring that Wrigley's manufacture, use, sale, or offer for sale of mints in tin containers alleged to infringe by Plaintiff does not infringe the '909 patent pursuant to 35 U.S.C. § 271;

e.     Declaring that all of the claims of the '909 patent are invalid and unenforceable;

f.     Declaring that this case is exceptional and that Wrigley be awarded its attorney fees and costs as provided by 35 U.S.C. § 285; and

g.     Granting such additional relief as the Court may deem just and proper under the circumstances.

## JURY TRIAL DEMAND

In accordance with Fed. R. Civ. P. 38, Wrigley demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated:  August 22, 2008          By:  /s David H. Bluestone_____
                                      William H. Frankel (IL Bar No. 3127933)
                                      Robert S. Mallin (IL Bar No. 6205051)
                                      David H. Bluestone (IL Bar No. 6269436)
                                      Benjamin Findley (IL Bar No. 6292805)
                                      BRINKS HOFER GILSON & LIONE
                                      NBC Tower, Suite 3600
                                      455 North Cityfront Plaza Drive
                                      Chicago, IL  60611-5599
                                      (312) 321-4200

                                      Attorneys for Wm. Wrigley Jr. Company

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2008, I caused a copy of **ANSWER AND**

**COUNTERCLAIMS** to be filed by electronic filing, which provides notice to all attorneys

of record, including:

        Raymond P. Niro, Jr.
        Niro, Scavone, Haller & Niro
        181 West Madison
        Suite 4600
        Chicago, IL 60604


        s/ David H. Bluestone