UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIMATHEA LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>WM. WRIGLEY JR. COMPANY, BIG SKY BRANDS INC., CARIBOU COFFEE COMPANY, INC., GODIVA CHOCOLATIER, INC., JONES SODA CO., NORTH ATLANTIC OPERATING COMPANY, INC., STARBUCKS CORPORATION and THE HERSHEY COMPANY,<br>        Defendants. | Case No. 08 CV 3796<br><br>Judge Joan B. Gottschall<br>Magistrate Judge Morton Denlow |

**JOINT STATUS REPORT AND PROPOSED SCHEDULE**

Plaintiff, Arimathea LLC ("Arimathea") and Defendant, Wm. Wrigley Jr. Company ("Wrigley") submit the following Joint Status Report.

**I.    MEETING**

Pursuant to the Court's Order of July 11, 2008, the Local Rules and Fed. R. Civ. P. 26(f), a meeting was held on August 27, 2008. Raymond P. Niro, Jr., Niro, Scavone, Haller & Niro, on behalf of Plaintiff, Arimathea, and Robert S. Mallin, Brinks Hofer Gilson and Lione, on behalf of Defendant, Wrigley, participating in the meeting. The parties discussed the nature of and bases for their claims and

defenses, as well as the possibilities for a prompt settlement, and discussed discovery proposals.

Plaintiff represents that, to date, each of the other Defendants have refused to participate in a Rule 26(f) conference, despite Plaintiff's repeated requests over the last several weeks.

## II.   NATURE OF THE CASE

### A.   Subject Matter

1. Arimathea asserts a claim for infringement of its U.S. Patent No. 7,124,909 ("'909 patent"), which arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. § 1338(a). The Court has personal jurisdiction over Wrigley.

2. Wrigley has denied infringement and asserted affirmative defenses including non-infringement, patent invalidity, lack of standing, and a limitation to any claim of damages for failing to comply with the provisions of 35 U.S.C. § 287. Wrigley has asserted counterclaims for non-infringement and invalidity.

### B.   Damages Claims

1. Arimathea seeks damages pursuant to 35 U.S.C. § 284, adequate to compensate for Wrigley's alleged infringement of the '909 patent. Arimathea also seeks treble damages as a result of Wrigley's alleged willful

infringement, as well as attorneys' fees and costs under 35 U.S.C. § 284 and § 285.

    2.    Wrigley seeks attorneys fees and costs under 35 U.S.C. §§ 284 and 285.

**C.    Other Items**

    1.    Wrigley has both appeared and filed an Answer to the Complaint.

    2.    The major legal issues in this patent case include claim construction, Wrigley's defenses of invalidity and non-infringement, and ownership and standing to bring suit and collect damages.

    3.    The major factual issues in this patent case include factual underpinnings for the determination of infringement, invalidity and willfulness, and the ownership and modes of transfer of the '909 patent.

**III.    DRAFT SCHEDULING ORDER**

Arimathea and Wrigley have not agreed to a schedule. Each party's proposed schedule is set forth below.

**A.    Plaintiff's Proposal for Scheduling**

Plaintiffs propose the following schedule:

    1.    The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by September 12, 2008.

    2.    All fact discovery commenced in time to be completed by December 19, 2008.

      3.     All expert discovery commenced in time to be completed by February 27, 2009.

      4.     Reports from retained experts under Rule 26(a)(2): Initial reports for matters on which a party bears the burden of proof will be due on January 14, 2009.  Rebuttal expert reports will be due on February 4, 2009.

      5.     The parties should be allowed until October 17, 2008 to join additional parties and to amend the pleadings.  At this time, the parties cannot reasonably predict the likelihood of the appearance of additional parties.

      6.     All dispositive or partially dispositive motions shall be filed by March 30, 2009.

      7.     Arimathea believes that the case will be ready for trial by June 22, 2009.  A jury trial has been demanded.  Arimathea anticipates that the trial will take approximately 5-6 court days to complete.

**B.    Wrigley's Proposal for Scheduling and Claim Construction**

Due to the number of defendants, the need for discovery concerning Arimathea's purchase of the patent-in-suit, the prosecution of the patent-in-suit, actions taken by the prior owner of the patent-in-suit, relevant bankruptcy proceedings, and prior art products that invalidate the patent-in-suit, and the potential lack of standing by Arimathea, Wrigley believes that Arimathea's proposed schedule is not tenable.  Wrigley also believes that an orderly approach to claim construction such as that adopted by many other courts is appropriate for this case. Wrigley proposes the following schedule:

1. Exchange information required by Fed. R. Civ. P. 26(a)(1) on September 26, 2008.

2. The last day to amend pleadings or join additional parties will be February 2, 2009.

3. Fact Discovery will close on June 1, 2009.

4. <u>Expert Discovery</u>:

    a. Initial expert reports for parties bearing burden of proof due on July 17, 2009.

    b. Rebuttal Expert Reports due on Aug. 28, 2009.

    c. Close of Expert Discovery on October 2, 2009.

5. <u>Claim Construction</u>:

    a. Identify claim terms that need to be construed by the Court on January 30, 2008.

    b. Exchange of Proposed Claim Constructions on February 16, 2009.

    c. Joint Claim Construction Chart due to Court on March 2, 2009.

    d. Initial Claim Construction Briefs (simultaneous briefing) due on March 16, 2009.

    e. Responsive Claim Construction Briefs due on April 1, 2009.

    f. Proposed Date for Markman Hearing on April 15, 2009.

6. Dispositive Motions are to be filed by November 24, 2009.

7. Case to be ready for trial by March 1, 2010. Wrigley estimates that the trial will take 7-10 trial days.

**IV.     SETTLEMENT STATUS**

A preliminary settlement offer has been made and further discussions will occur between Arimathea and Wrigley, but it is presently unknown if settlement is likely at this time.  The parties believe that it will be productive to hold a settlement conference with Judge Gottschall or Magistrate Judge Denlow.

Respectfully submitted,

By:  ___/s/ Raymond P. Niro, Jr._____
    Raymond P. Niro, Jr.
    NIRO, SCAVONE, HALLER & NIRO
    181 West Madison, Suite 4600
    Chicago, IL 60602-4515
      (312) 321-4200

    Attorneys for Plaintiff,
      Arimathea LLC

By:  _/s/ Robert S. Mallin_____
    *signed with permission*
    William H. Frankel
    Robert S. Mallin
    David H. Bluestone
    Benjamin C. Findley
    BRINKS HOFER GILSON & LIONE
    NBC Tower, Suite 3600
    455 North Cityfront Plaza Drive
    Chicago, IL  60611-5599
      (312) 321-4200

    Attorneys for Defendant,
    Wm. Wrigley Jr. Company

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 27, 2008, I caused the foregoing JOINT STATUS REPORT AND PROPOSED SCHEDULE to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

*Counsel for Starbucks and Hershey*
David K. Callahan
Emily R. Dempsey
Ann Marie Wahls
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
dcallahan@kirkland.com; edempsey@kirkland.com
awahls@kirkland.com

*Counsel for Wrigley*
William H. Frankel
Robert S. Mallin
David H. Bluestone
BRINKS HOFER GILSON & LIONE
455 North Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611-5599
wfrankel@usebrinks.com; rmallin@usebrinks.com
dbluestone@usebrinks.com

*Counsel for Big Sky and Jones Soda*
Alexander S. Vesselinovitch
Brian Sodikoff
Claire H. Forster
Robert B. Breisblatt
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street, Suite 1900
Chicago, IL  60661
avesselinovitch@kattenlaw.com
brian.sodikoff@kattenlaw.com
claire.forster@kattenlaw.com
robert.breisblatt@kattenlaw.com

*Counsel for Caribou Coffee*
Keith V. Rockey
Avani C. Macaluso
Matthew L. De Preter
ROCKEY, DEPKE & LYONS, LLC
233 South Wacker Drive, Suite 5450
Chicago, Illinois 60606
krockey@rdlklaw.com; amacaluso@rdlklaw.com
cdepreter@rdlklaw.com

*Counsel for Godiva*
Peter V. Baugher
Todd H. Flaming
Lesley G. Smith
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606
baugher@sw.com; flaming@sw.com;
LGSmith@sw.com

Nicholas Groombridge
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
nicholas.groombridge@weil.com

I further certify that the foregoing was served upon the following non-CM/ECF participants via electronic transmission:

*Counsel for Caribou Coffee*
Devan V. Padmanabhan
Paul J. Robbennolt
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
padmanabhan.devan@dorsey.com
robbennolt.paul@dorsey.com

                                              /s/ Raymond P. Niro, Jr.
                                                Attorney for Plaintiff