IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIMATHEA LLC, | Civil Action No. 08cv3796 |
| Plaintiff, | Judge Gottschall<br>Magistrate-Judge Denlow |
| v. | |
| WM. WRIGLEY JR. COMPANY, BIG SKY BRANDS INC., CARIBOU COFFEE COMPANY, INC., GODIVA CHOCOLATIER, INC., JONES SODA CO., STARBUCKS CORPORATION and THE HERSHEY COMPANY, | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO CARIBOU'S COUNTERCLAIM**

Plaintiff Arimathea LLC ("Arimathea ") responds to the Counterclaim contained in the Answer to Complaint filed on August 22, 2008 by Defendant Caribou Coffee Company, Inc. ("Caribou") as follows.

**COUNTERCLAIM**

The Parties

1.   Caribou Coffee Company, Inc. ("Caribou") is a Minnesota corporation with its principal place of business at 3900 Lakebreeze Avenue North, Minneapolis, Minnesota.

**Response:**

Admitted.

2.   On information and belief, Arimathea LLC (" Arimathea") is an Illinois Limited Liability Company located at 1032 West Loyola Avenue, Chicago, Illinois.

**Response:**

Admitted.

3.   Caribou's counterclaim is for declaratory judgment that the claims of United States Patent No. 7,124,909 ("the '909 patent") are invalid and have not been infringed by

Caribou.  These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 1338, 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

**Response:**

Admitted that Caribou asserts said counterclaims, but denied that it is entitled to any such relief.

### Jurisdiction and Venue

4.    This Court has subject matter jurisdiction over this counterclaim based on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

**Response:**

Admitted.

5.    This Court has personal jurisdiction over Arimathea at least for the reason that Arimathea consented to jurisdiction by initiating this action.

**Response:**

Admitted.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**Response:**

Admitted.

### COUNT I
(Declaratory Judgment of Non-Infringement of the '909 Patent)

7.    Caribou incorporates paragraphs 1-33 of its Answer and paragraphs 1-6 of its counterclaim as though fully set forth herein.

**Response:**

Arimathea incorporates its responses to paragraphs 1-6 of Caribou's counterclaim as though fully set forth herein.  Arimathea does not respond with respect to paragraphs 1-31 of Caribou's Answer, except that Arimathea incorporates by reference paragraphs 1-31 of its

2

Complaint and specifically denies Caribou's allegations of noninfringement. With respect to Caribou's Affirmative Defenses (paragraphs 32-33), Arimathea responds as follows:

> 32. The claims of the '909 patent are invalid because they do not meet one or more of the conditions for patentability set forth in 35 U.S.C. § 100 *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.
>
> **Response:** Denied.
>
> 33. Caribou reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity, that may now or in the future be available based on discovery or other factual investigation concerning this case.
>
> **Response:** Denied on the ground that Arimathea lacks sufficient information or belief as to the truth of the allegations.

8. Caribou denies that the claims of the '909 patent have been infringed for the reasons alleged in the Answer and Affirmative Defenses to the complaint, such allegations being realleged and incorporated by reference as if fully set forth again.

**Response:**

Arimathea denies Caribou's allegations of noninfringement and incorporates its response to paragraph 7 of Caribou's counterclaim as though fully set forth herein.

9. By virtue of the matters alleged in the foregoing paragraphs of Caribou's counterclaim, actual controversies with respect to the infringement of the claims of the '909 patent have arisen and do now exist between Arimathea and Caribou.

**Response:**

Admitted that an actual controversy exists between Arimathea and Caribou concerning infringement of the '909 patent. Except as answered, the allegations are denied.

10. The '909 Patent is, and should be declared, not infringed by Caribou.

**Response:**

Denied.

## COUNT II
### (Declaratory Judgment of Invalidity of the '909 Patent)

11.   Caribou incorporates paragraphs 1-33 of its Answer and paragraphs 1-10 of its counterclaim as though fully set forth herein.

**Response:**

Arimathea incorporates its responses to paragraphs 1-10 of Caribou's counterclaim as though fully set forth herein.

12.   Caribou denies that the claims of the '909 patent are valid for the reasons alleged in the Answer and Affirmative Defenses to the complaint, such allegations being realleged and incorporated by reference as if fully set forth again.

**Response:**

Arimathea denies Caribou's allegations of invalidity and incorporates its response to paragraph 7 of Caribou's counterclaim as though fully set forth herein.

13.   By virtue of the matters alleged in the foregoing paragraphs of Caribou's counterclaim, actual controversies with respect to the validity of the claims of the '909 patent have arisen and do now exist between Arimathea and Caribou.

**Response:**

Admitted that an actual controversy exists between Arimathea and Caribou concerning validity of the claims of the '909 patent.  Except as answered, the allegations are denied.

14.   The '909 patent is, and should be declared, invalid, void, and of no legal effect.

**Response:**

Denied.

### PLAINTIFF'S AFFIRMATIVE DEFENSES

Arimathea asserts the following Affirmative Defenses against Caribou's Counterclaim and reserves the right to further amend its responses as additional information becomes available.

1.   United States Patent No. 7,124,909 B1 is valid, enforceable and infringed by Caribou.

4

2. Caribou has also knowingly contributed to or induced the infringement of others by willfully and intentionally aiding, assisting and encouraging such infringement.

3. Caribou's infringement has been willful, deliberate and objectively reckless.

4. Arimathea adopts and incorporates herein all affirmative defenses available pursuant to Federal Rule of Civil Procedure 8 (or any applicable statute or regulation), to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make same available.

WHEREFORE, Arimathea requests that judgment be entered against Caribou and in Arimathea's favor on the Counterclaim brought by Caribou. Arimathea further requests that it be granted all of the relief requested in its Complaint.

## JURY DEMAND

Arimathea demands a trial by jury on all issues properly triable to a jury.

Respectfully submitted,

/s/ Raymond P. Niro, Jr.
Raymond P. Niro, Jr.
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602 4515
Phone: (312) 236 0733
Fax: (312) 236 3137
rnirojr@nshn.com

Attorneys for Plaintiff, Arimathea LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2008, I caused the foregoing PLAINTIFF'S RESPONSE TO CARIBIOU'S COUNTERCLAIMS to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

*Counsel for Starbucks and Hershey*
David K. Callahan
Emily R. Dempsey
Ann Marie Wahls
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
dcallahan@kirkland.com; edempsey@kirkland.com
awahls@kirkland.com

*Counsel for Wrigley*
William H. Frankel
Robert S. Mallin
David H. Bluestone
BRINKS HOFER GILSON & LIONE
455 North Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611-5599
wfrankel@usebrinks.com; rmallin@usebrinks.com
dbluestone@usebrinks.com

*Counsel for Caribou Coffee*
Keith V. Rockey
Avani C. Macaluso
Matthew L. De Preter
ROCKEY, DEPKE & LYONS, LLC
233 South Wacker Drive, Suite 5450
Chicago, Illinois 60606
krockey@rdlklaw.com; amacaluso@rdlklaw.com
cdepreter@rdlklaw.com

*Counsel for Godiva*
Peter V. Baugher
Todd H. Flaming
Lesley G. Smith
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606
baugher@sw.com; flaming@sw.com;
LGSmith@sw.com

Nicholas Groombridge
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
nicholas.groombridge@weil.com

*Counsel for Big Sky and Jones Soda*
Alexander S. Vesselinovitch
Brian Sodikoff
Claire H. Forster
Robert B. Breisblatt
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street, Suite 1900
Chicago, IL 60661
avesselinovitch@kattenlaw.com
brian.sodikoff@kattenlaw.com
claire.forster@kattenlaw.com
robert.breisblatt@kattenlaw.com

I further certify that the foregoing was served upon the following non-CM/ECF participants via electronic transmission:

*Counsel for Caribou Coffee*
Devan V. Padmanabhan
Paul J. Robbennolt
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
padmanabhan.devan@dorsey.com
robbennolt.paul@dorsey.com

/s/ Raymond P. Niro, Jr.
Attorney for Plaintiff