IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIMATHEA LLC,<br><br>                  Plaintiff,<br><br>   v.<br><br>WM. WRIGLEY JR. COMPANY, BIG SKY BRANDS INC., CARIBOU COFFEE COMPANY, INC., GODIVA CHOCOLATIER, INC., JONES SODA CO., STARBUCKS CORPORATION and THE HERSHEY COMPANY,<br><br>                  Defendants. | Civil Action No. 08cv3796<br><br>Judge Gottschall<br>Magistrate-Judge Denlow |

## PLAINTIFF'S RESPONSE TO GODIVA'S COUNTERCLAIM

Plaintiff Arimathea LLC ("Arimathea") responds to the Counterclaim contained in the Answer to Complaint filed on August 22, 2008 by Defendant Godiva Chocolatier, Inc. ("Godiva"), as follows.

### COUNTERCLAIM

39.     Godiva is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 355 Lexington Avenue, New York, NY.

**Response:**

Admitted.

40.     On information and belief, Arimathea is an Illinois limited liability company located at 1032 West Loyola Avenue, Chicago, Illinois.

**Response:**

Admitted.

### JURISDICTION AND VENUE

41.     The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b). 1367, 2201, and 2202.

**<u>Response:</u>**

Admitted.

42.    Venue is proper in this district pursuant to 28 U.S.C.§ 1391 and because this is where the original Complaint was filed by Arimathea.

**<u>Response:</u>**

Admitted.

43.    The counterclaims by Godiva against Arimathea include claims for declaratory relief and judgment concerning the '909 patent and attorneys' fees under 35 U.S.C. § 285.  With respect to these claims, as a result of Arimathea's Complaint, an actual and justifiable controversy exists between Godiva and Arimathea concerning the scope of protection, invalidity, unenforceability and noninfringement of '909 patent.

**<u>Response:</u>**

Admitted that Godiva asserts said counterclaims, but denied that it is entitled to any such relief.  Admitted that there is an actual and justiciable controversy between Arimathea and Godiva concerning the scope, validity, enforceability and infringement of the '909 patent. Except as answered, the allegations are denied.

44.    Godiva does not infringe, induce infringement, or contribute to infringement of the '909 patent and has never done so.

**<u>Response:</u>**

Denied.

45.    The '909 patent is invalid, unenforceable, and void because it fails to comply with the requirements of 35 U.S.C. § 101 et seq., including, without limitation §§ 102, 103, or 112.

**<u>Response:</u>**

Denied.

CLAIMS FOR RELIEF

COUNT I
Declaratory Judgment of Noninfringement

46.    Godiva repeats and realleges the allegations of paragraphs 1-45 above, as though fully set forth herein.

**Response:**

Arimathea repeats and realleges its responses to the allegations of paragraphs 39-45 of Godiva's Counterclaim as though fully set forth herein.  Arimathea does not respond with respect to paragraphs 1-31 of Godiva's Answer, except that Arimathea incorporates by reference paragraphs 1-31 of its Complaint and specifically denies Godiva's allegations of noninfringement.  With respect to Godiva's Affirmative Defenses (paragraphs 32-38), Arimathea responds as follows:

32.    The '909 patent is invalid, unenforceable, and void because it does not comply with the requirements of 35 U.S.C. § 101 et seq., including without limitation §§ 101, 102, 103, or 112.

**Response:**    Denied.

33.    The claims of the '909 patent are invalid under 35 U.S.C. § 102, for example, because the claimed invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, and/or because the invention was patented or described in a printed publication in this or foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.

**Response:**    Denied.

34.    The claims of the '909 patent are invalid under 35 U.S.C. § 102, for example, because, the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art.

**Response:**    Denied.

35.    The claims of the '909 patent are invalid under 35 U.S.C. § 112 for example, because the claims of the patent fail to point out and distinctly claim the subject matter which the patentee regarded as his invention.

**Response:**    Denied.

36.    Godiva has not directly infringed, indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of the '909 patent, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

**Response:**    Denied.

37.    Arimathea's claim for damages for any period prior to the filing of the Complaint in this action is barred because Arimathea failed to provide actual notice of the alleged infringement, and on information and belief, Arimathea and its predecessors in interest failed to comply with the requirements of 35 U.S.C. § 287.

**Response:**    Denied.

38.    Arimathea is not entitled to injunctive relief because any alleged injury to it is not immediate or irreparable, and Arimathea has adequate remedy at law.

**Response:**    Denied.

47.    Godiva has not directly infringed, indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of the '909 patent, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

**<u>Response:</u>**

Denied.

## COUNT II
### Declaratory Judgment of Invalidity

48.    Godiva repeats and realleges the allegations of paragraphs 1-47 above, as though fully set forth herein.

**<u>Response:</u>**

Arimathea repeats and realleges its responses to the allegations of paragraphs 32-47 of Godiva's Counterclaim as though fully set forth herein. Arimathea does not respond with respect to paragraphs 1-31 of Godiva's Answer, except that Arimathea incorporates by reference paragraphs 1-31 of its Complaint and specifically denies Godiva's allegations of noninfringement.

49.     The '909 patent is invalid for failing to meet the conditions for patentability set out at 35 U.S.C. § 101 et seq., including but not limited to, 35 U.S.C. §§ 102, 103, or 112.

**Response:**

Denied.

## PLAINTIFF'S AFFIRMATIVE DEFENSES

Arimathea asserts the following Affirmative Defenses against Godiva's Counterclaims and reserves the right to further amend its responses as additional information becomes available.

1.     United States Patent Nos. 7,124,909 B1 is valid, enforceable and infringed by Godiva.

2.     Arimathea has also knowingly contributed to or induced the infringement of others by willfully and intentionally aiding, assisting and encouraging such infringement.

3.     Godiva's infringement has been willful, deliberate and objectively reckless.

4.     Arimathea adopts and incorporates herein all affirmative defenses available pursuant to Federal Rule of Civil Procedure 8 (or any applicable statute or regulation), to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make same available.

WHEREFORE, Arimathea requests that judgment be entered against Godiva and in Arimathea's favor on the Counterclaims brought by Godiva.  Arimathea further requests that it be granted all of the relief requested in its Amended Complaint.

## JURY DEMAND

Arimathea demands a trial by jury on all issues properly triable to a jury.

Respectfully submitted,

_____/s/ Raymond P. Niro, Jr._____

Raymond P. Niro, Jr.
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602 4515
Phone: (312) 236 0733
Fax: (312) 236 3137
rnirojr@nshn.com

Attorneys for Plaintiff, Arimathea LLC

6

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2008, I caused the foregoing PLAINTIFF'S RESPONSE TO GODIVA'S COUNTERCLAIM to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

*Counsel for Starbucks and Hershey*
David K. Callahan
Emily R. Dempsey
Ann Marie Wahls
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
dcallahan@kirkland.com; edempsey@kirkland.com
awahls@kirkland.com

*Counsel for Caribou Coffee*
Keith V. Rockey
Avani C. Macaluso
Matthew L. De Preter
ROCKEY, DEPKE & LYONS, LLC
233 South Wacker Drive, Suite 5450
Chicago, Illinois 60606
krockey@rdlklaw.com; amacaluso@rdlklaw.com
cdepreter@rdlklaw.com

*Counsel for Wrigley*
William H. Frankel
Robert S. Mallin
David H. Bluestone
BRINKS HOFER GILSON & LIONE
455 North Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611-5599
wfrankel@usebrinks.com; rmallin@usebrinks.com
dbluestone@usebrinks.com

*Counsel for Godiva*
Peter V. Baugher
Todd H. Flaming
Lesley G. Smith
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606
baugher@sw.com; flaming@sw.com;
LGSmith@sw.com

Nicholas Groombridge
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
nicholas.groombridge@weil.com

*Counsel for Big Sky and Jones Soda*
Alexander S. Vesselinovitch
Brian Sodikoff
Claire H. Forster
Robert B. Breisblatt
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street, Suite 1900
Chicago, IL 60661
avesselinovitch@kattenlaw.com
brian.sodikoff@kattenlaw.com
claire.forster@kattenlaw.com
robert.breisblatt@kattenlaw.com

I further certify that the foregoing was served upon the following non-CM/ECF participants via electronic transmission:

*Counsel for Caribou Coffee*
Devan V. Padmanabhan
Paul J. Robbennolt
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
padmanabhan.devan@dorsey.com
robbennolt.paul@dorsey.com

_____
/s/ Raymond P. Niro, Jr.
Attorney for Plaintiff